IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEWSMAX BROADCASTING, LLC, *Plaintiff* v. FOX CORPORATION AND FOX NEWS NETWORK, LLC, *Defendants*. | No. 3:25-cv-770 Hon. William M. Conley |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER VENUE**

## TABLE OF CONTENTS

                                                                                                                       **Page**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 2

ARGUMENT .................................................................................................................................... 4

        A.        This Case Already Has Been Filed in the Southern District of Florida, Which Is a Proper Venue. ................................................................................... 4

        B.        The Section 1404(a) Factors Strongly Favor Transfer to the Southern District of Florida. ............................................................................................... 5

                1.        The Interest of Justice Overwhelmingly Favors Transfer Because of Newsmax's Undeniable Forum Shopping. .............................................. 6

                2.        The Other Section 1404(a) Factors Also Favor Transfer. ........................ 10

CONCLUSION ............................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Ashley Furniture Indus., Inc. v. Packaging Corp. of Am.*,
  275 F. Supp. 3d 957 (W.D. Wis. 2017) ............................................................................... 7

*Banga v. First USA, NA*,
  No. 9-cv-2268, 2010 WL 727749 (E.D. Cal. Mar. 2, 2010) ...................................................... 10

*Boyer v. BNSF Ry. Co.*,
  824 F.3d 694 (7th Cir. 2016) ................................................................................. 6, 7

*Carter v. Baldwin*,
  No. 17-cv-3690, 2017 WL 3310976 (N.D. Ill. Aug. 3, 2017) ................................................. 12

*Coll. Ret. Equities Fd. v. Boeing Co.*,
  No. 22-cv-3845, 2025 WL 1207313 (N.D. Ill. Apr. 25, 2025) ................................................. 5

*Dongguan Deego Trading Co. v. Junyao-US*,
  No. 25-cv-4962, 2025 WL 2174325 (N.D. Ill. July 31, 2025) ................................................. 5

*Dunn v. Soo Line R. Co.*,
  864 F. Supp. 64 (N.D. Ill. 1994) ............................................................................... 12

*Emerson v. Toyota Motor North American, Inc.*,
  No. 14-cv-2842, 2014 WL 6985183 (N.D. Cal. Dec. 9, 2014) ............................................. 9, 10

*Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc.*,
  512 F. Supp. 2d 1169 (W.D. Wis. 2007) .......................................................... 5, 8, 9, 12

*Esposito v. Airbnb Action LLC*,
  538 F. Supp. 3d 844 (N.D. Ill. 2020) ........................................................................... 6

*Gabet v. Amazon.com, Inc.*,
  No. 22-cv-35, 2022 WL 4078442 (N.D. Ind. Sept. 6, 2022) ........................................... passim

*Garcia v. FCA US, LLC*,
  No. 2:19-cv-12750, 2020 WL 2711556 (E.D. Mich. May 26, 2020) .................................... 7, 10

*Harris v. Charles*,
  No. 23-cv-14236, 2023 WL 12081150 (S.D. Fla. Aug. 21, 2023) ........................................... 2

*Hoffman v. Blaski*,
  363 U.S. 335 (1960) ................................................................................................. 4

*LegalForce, Inc. v. LegalZoom.com, Inc.*,
  No. 2:18-cv-6147, 2018 WL 6179319 (C.D. Cal Nov. 27, 2018) ........................................... 9

*Loop LLC v. CDK Glob., LLC*,
  2025 WL 1233205 (W.D. Wis. Apr. 29, 2025) ............................................................... 3

*Mitchell v. Deutsche Bank Nat'l Tr. Co.*,
  No. 15-cv-1307, 2015 WL 12867746 (C.D. Cal. Oct. 29, 2015) ....................................... 8, 11

*Moreno v. City of New York*,
  No. 14-cv-6062, 2015 WL 403246 (E.D.N.Y. Jan. 28, 2015) ............................................... 10

*Nat'l Treasury Empls. Union v. I.R.S.*,
    765 F.2d 1174 (D.C. Cir. 1985) .................................................................................. 8

*Nokia Corp. v. Apple Inc.*,
    No. 3:10-cv-249, 2011 WL 13254570 (W.D. Wis. Jan. 5, 2011) ..................... 10, 11

*Polaroid Corp. v. Casselman*,
    213 F. Supp. 379 (S.D.N.Y. 1962) ........................................................................... 6

*Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
    626 F.3d 973 (7th Cir. 2010) ................................................................... 1, 4, 8, 10

*Scott v. Maddox*,
    No. 1:23-cv-2083, 2025 WL 964034 (N.D. Ga. Mar. 31, 2025) .............................. 2

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988) .................................................................................................. 4

*Tanner v. Navy Fed. Credit Union*,
    No. 3:24-cv-69, 2024 WL 130756 (N.D. Tex. Jan. 10, 2024) ............................... 10

*Telepharmacy Sols., Inc. v. Pickpoint Corp.*,
    238 F. Supp. 2d 741 (E.D. Va. 2003) .................................................................... 12

*Thomas v. Derryberry*,
    No. 8:16-cv-3482, 2017 WL 2267977 (M.D. Fla. May 24, 2017) .......................... 2

*Torres v. S.S. Rosario*,
    125 F. Supp. 496 (S.D.N.Y. 1954) .......................................................................... 5

*Untershine v. Encore Receivable Mgmt., Inc.*,
    No. 18-cv-1484, 2019 WL 3766564 (E.D. Wis. Aug. 9, 2019) ............................... 8

*Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*,
    341 F. Supp. 2d 69 (D.P.R. 2004) .......................................................................... 10

*Vital Pharms., Inc. v. Monster Energy Co.*,
    No. 20-cv-1127, 2020 WL 6162796 (C.D. Cal. Aug. 27, 2020) ........................... 11

*Vu v. Ortho-McNeil Pharm, Inc.*,
    602 F. Supp. 2d 1151 (C.D. Cal. 2009) ................................................................ 11

*Wireless Consumers All., Inc. v. T-Mobile USA, Inc.*,
    No. 3-cv-3711, 2003 WL 22387598 (N.D. Cal. Oct. 14, 2003) .............................. 8

**Statutes**

15 U.S.C. § 15 ............................................................................................................... 5

15 U.S.C. § 22 ............................................................................................................... 5

15 U.S.C. § 26 ............................................................................................................... 5

28 U.S.C. § 1331 ........................................................................................................... 5

28 U.S.C. § 1337 ........................................................................................................... 5

28 U.S.C. § 1367 ........................................................................................................... 5

28 U.S.C. § 1404 ............................................................................................................... 1, 4, 12

Fla. Stat. § 501.201–213 (2025) .............................................................................................. 3

**Rules**

E.D. Wis. Civ. L. R. 41(e) ........................................................................................................ 8

## INTRODUCTION

This motion seeks a transfer to remedy Plaintiff Newsmax's forum shopping. Newsmax, based and incorporated in Florida, initiated this antitrust action in the Southern District of Florida on September 3. The next day, the Florida district court judge assigned to the case *sua sponte* dismissed Newsmax's complaint as an impermissible shotgun pleading. The court gave Newsmax one week to amend its pleading. On September 11, the day of the deadline, Newsmax dismissed its Florida suit and refiled a nearly identical complaint in this District—a District that has no meaningful ties to the parties, the witnesses, or the alleged conduct.

Courts do not reward this kind of procedural gamesmanship. Instead, they routinely grant motions to transfer pursuant to 28 U.S.C. § 1404(a) when a plaintiff refiles a substantially similar complaint in a different court after receiving an adverse ruling in the originally chosen forum. Section 1404(a) permits transfer in the "interest of justice," and it serves the "interest of justice" to prevent judge and forum shopping. Accordingly, where a "[c]ourt finds obvious forum-shopping, transfer is appropriate regardless of any other considerations." *Gabet v. Amazon.com, Inc.*, No. 22-cv-35, 2022 WL 4078442, at *6 (N.D. Ind. Sept. 6, 2022); *see Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (explaining that the "interest of justice" may be "determinative" under a Section 1404(a) analysis, regardless of other considerations). Here both the interest of justice *and* other factors concerning convenience decisively favor transfer back to Florida, where Newsmax is based.

Fox respectfully requests that the Court transfer this action back to the Southern District of Florida, the proper forum that Newsmax originally chose before receiving an adverse ruling.

## BACKGROUND

On September 3, 2025, Newsmax, a Florida company, filed a complaint against Fox in the United States District Court for the Southern District of Florida. *See Newsmax Broad., LLC v. Fox Corp.*, No. 9:25-cv-81091 (S.D. Fla.) (the "Florida Complaint") (Declaration of Ryan J. Walsh ("Walsh Decl.), **Exhibit A**). That complaint was materially identical to the Complaint filed in this action.

The next day, the Florida district court judge assigned to the case *sua sponte* dismissed Newsmax's complaint without prejudice as "an impermissible 'shotgun pleading'" because Newsmax's "second, third, fourth, and fifth counts in the Complaint [] incorporate all preceding allegations." *Newsmax Broad.*, 2025 WL 2553698 at *1 (S.D. Fla. Sept. 5, 2025) (Walsh Decl., **Exhibit B** at 1). The Florida court recognized that, under well-settled Eleventh Circuit law, it "ha[d] an independent obligation to dismiss such pleadings and require repleader." *Id.*; *see, e.g.*, *Thomas v. Derryberry*, No. 8:16-cv-3482, 2017 WL 2267977, at *2 (M.D. Fla. May 24, 2017) (noting the court's "independent obligation" to dismiss shotgun pleadings and require repleader); *Scott v. Maddox*, No. 1:23-cv-2083, 2025 WL 964034, at *3–4 (N.D. Ga. Mar. 31, 2025) (same); *Harris v. Charles*, No. 23-cv-14236, 2023 WL 12081150, at *1 (S.D. Fla. Aug. 21, 2023) (same). The Florida court ordered Newsmax to file an amended complaint by September 11, 2025, instructing that the amended complaint "must not contain any successive counts that incorporate all prior allegations" and "must identify the particular legal basis for liability and contain specific factual allegations that support each cause of action within each count." Walsh. Decl., **Exhibit B** at 2. The court warned that failure to comply with its order could "result in dismissal of the case without further notice." *Id* at 3.

Then, on September 5, Newsmax's law firms, Kellogg Hansen ("Kellogg") and Godfrey & Kahan, S.C. ("Godfrey"), were awarded over $185 million in attorneys' fees as members of class counsel in an unrelated case in this District, Op. and Order, *Loop LLC v. CDK Glob., LLC*. No. 3:24-cv-571 (W.D. Wis. Sept. 5, 2025). The award arose from a court-approved $630 million class settlement. *See Loop LLC v. CDK Glob.,* LLC, 2025 WL 1233205 (W.D. Wis. Apr. 29, 2025). Kellogg has described the settlement as "$140 million more than the class's actual damages of $490 million." Kellogg Hansen, *Kellogg Hansen Named to Bloomberg's 2025 Unrivaled Litigators for Landmark $630 Million Antitrust Settlement* (July 3, 2025), perma.cc/MM45-2FBQ/.

On September 11, Newsmax—in a *volte face*—filed a notice of voluntary dismissal in Florida, Walsh Decl., **Exhibit C**, and, within hours, filed the instant complaint in this Court (the "Wisconsin Complaint"). Dkt. 1. The allegations and claims in the Wisconsin Complaint are substantively identical to allegations and claims in the Florida Complaint in all but three respects: the Wisconsin Complaint (1) attempts to remedy the errors identified in the Florida court's order, *compare* Walsh Decl., **Exhibit A** at 27–29 *with* Dkt. 1. at 28–38; (2) substitutes parallel Wisconsin state law antitrust claims for the Florida Complaint's Florida state law antitrust claims, *compare* Dkt. 1 at ¶¶ 108–125 (Fourth and Fifth Causes of Action) *with* Walsh Decl., **Exhibit A** at ¶¶ 93–96 (Third and Fourth Causes of Action); and (3) adds additional allegations of "block booking," *see* Dkt. 1 at ¶¶ 99–107, ¶¶ 126–134.[1]

---

[1] The Wisconsin Complaint also drops a Florida Deceptive and Unfair Trade Practices Act claim. Fla. Stat. § 501.201–213 (2025).

# ARGUMENT

Section 1404(a) affords a district court broad discretion to transfer an action to "any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a); *see Rsch. Automation*, 626 F.3d at 977. The Supreme Court has held that in considering a Section 1404 motion to transfer, a district court must balance "the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988).

Determination of a motion to transfer involves two steps. First, a court determines whether the action could have been brought in the transferee district. *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). Second, a court undertakes a "flexible and individualized analysis" of "the interest of justice" and "convenience." *Rsch. Automation*, 626 F.3d at 977–78. "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.* at 978.

Because Newsmax has engaged in impermissible forum shopping, the interest of justice is sufficient by itself to require transfer of this case back to the Southern District of Florida, which already has ruled in this case and already is familiar with the issues. Moreover, the convenience factors support transfer back to the Southern District of Florida, where Newsmax is headquartered, where key witnesses and documents reside, and where Newsmax originally filed suit.

**A. This Case Already Has Been Filed in the Southern District of Florida, Which Is a Proper Venue.**

There is no doubt that this case "might have been brought" in the Southern District of Florida, 28 U.S.C. § 1404(a), because it already was. Newsmax is "a Florida limited liability company, with its principal place of business" in Boca Raton, Florida. Dkt. 1 at ¶ 5. The Southern

District of Florida has personal jurisdiction over Fox because Fox consents to jurisdiction in that district for this action, and venue is likewise proper because—as Newsmax stated in the Florida Complaint—Fox "transact[s] business" in that district, 15 U.S.C. § 22. *See* Walsh Decl., **Exhibit A** at ¶ 11. The Southern District of Florida has subject matter jurisdiction over Newsmax's federal antitrust claims because they arise under federal law and has supplemental jurisdiction over Newsmax's state law claims. 28 U.S.C. §§ 1331, 1337(a); 15 U.S.C. §§ 15, 26; 28 U.S.C. § 1367(a).

### B. The Section 1404(a) Factors Strongly Favor Transfer to the Southern District of Florida.

The next step in the Court's analysis is to balance various case-specific factors bearing on the interest of justice and the convenience of the parties. In doing so, courts may give dispositive weight to the public's interest in preventing forum shopping—reflecting the longstanding recognition that Section 1404(a) was "designed to remedy the evils of forum shopping." *Torres v. S.S. Rosario*, 125 F. Supp. 496, 497 (S.D.N.Y. 1954); *see Coll. Ret. Equities Fd. v. Boeing Co.*, No. 22-cv-3845, 2025 WL 1207313, at *5 n.4 (N.D. Ill. Apr. 25, 2025) (observing that it is "contrary to the interest of justice to encourage the lawyerly instinct to select a court or judge based on a belief on how the court will decide a case"); *Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F. Supp. 2d 1169, 1177 (W.D. Wis. 2007) (holding that the interest of justice factors were determinative and warranted granting a motion to transfer when the "transfer would stop plaintiff's forum shopping"); *see also Dongguan Deego Trading Co. v. Junyao-US*, No. 25-cv-4962, 2025 WL 2174325, at *3 (N.D. Ill. July 31, 2025) (sanctioning a plaintiff that voluntarily dismissed its suit and refiled in another district, concluding the plaintiff "exhibited 'reckless and indifferent' disregard for the law" by "manipulat[ing] procedural rules (in th[at] case Rule 41(a)(1)(A)(i) dismissal) to curate a favorable forum").

Where the interest of justice factors are not decisive, courts consider such other factors as "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience of the parties." *Esposito v. Airbnb Action LLC*, 538 F. Supp. 3d 844, 847 (N.D. Ill. 2020) (brackets and internal quotation marks omitted). "[W]here the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum," however, "the plaintiff's preference has minimal value." *Id.* at 848; *see Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 709–10 (7th Cir. 2016), *modified on reh'g*, 832 F.3d 699 (7th Cir. 2016) (holding transfer was proper from Arkansas state court to the Western District of Wisconsin when the plaintiff's case had no connection to Arkansas and there was "no doubt" that "counsel was forum shopping"); *Gabet*, 2022 WL 4078442, at *4 (plaintiff's choice of forum "is afforded little deference where forum shopping is apparent"); *Polaroid Corp. v. Casselman*, 213 F. Supp. 379, 383 (S.D.N.Y. 1962) (plaintiff's choice of forum is entitled to "no weight whatever where it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the subject matter").

Here, both the interest of justice factors and the convenience factors lead to the same result: transfer of this case back to the Southern District of Florida, where Newsmax originally filed it.

### 1. The Interest of Justice Overwhelmingly Favors Transfer Because of Newsmax's Undeniable Forum Shopping.

Newsmax's undeniable forum shopping is sufficient by itself to require transfer back to the Southern District of Florida. Faced with the Florida court's adverse ruling, Newsmax turned to what it apparently perceives as a more favorable forum: the Western District of Wisconsin. Forum shopping is the only plausible explanation for Newsmax's conduct. Neither the parties nor the allegations in this case have any apparent connection to the Western District of Wisconsin. While Newsmax pleads Wisconsin state law antitrust claims, this Court has previously explained that

inclusion of Wisconsin state law antitrust claims does not favor a Wisconsin forum. *Ashley Furniture Indus., Inc. v. Packaging Corp. of Am.*, 275 F. Supp. 3d 957, 968–69 (W.D. Wis. 2017) (Conley, J.) (explaining that although recovery under Wisconsin antitrust statutes is not coextensive with the Sherman Act, "any complexity that might be added by the addition of [the Wisconsin antitrust] claim will likely be lessened, if not mooted, because Wisconsin courts traditionally look to federal law to interpret substantive violations of the Wisconsin antitrust statutes"). And the only other changes between September 3, when Newsmax filed in the Southern District of Florida, and September 11, when it refiled in the Western District of Wisconsin, are: (i) Newsmax learned the identity of the judge assigned to its case in the Southern District of Florida; (ii) that court *sua sponte* dismissed Newsmax's original complaint and ordered it to refile; and (iii) the law firms representing Newsmax obtained an approximately $185 million attorneys' fee award in connection with a class action settlement in this District. *See Loop LLC v. CDK Glob.*, No. 3:24-cv-574, Dkt. 278 (W.D. Wis. Sept. 5, 2025).

Those circumstances make plain that Newsmax has engaged in judge and forum shopping for what it evidently perceives to be a more favorable audience for its alleged claims. *See Boyer*, 824 F.3d at 709–10 (observing that when "none of the factors bearing on venue" point to a plaintiff's choice of forum to litigate a case, it "leaves no doubt that counsel was shopping not only for a different trial-judge but a different appellate court"); *Gabet*, 2022 WL 4078442, at *4 ("Forum-shopping can 'reasonably be inferred if the plaintiff files the same or similar case represented by the same law firm in a different district after receiving unfavorable rulings there.'" (citation omitted)); *Garcia v. FCA US, LLC*, No. 2:19-cv-12750, 2020 WL 2711556, at *2 (E.D. Mich. May 26, 2020) ("Forum shopping may reasonably be inferred when a plaintiff files the same or similar case represented by the same law firm in a different district after receiving unfavorable

precedent in the first district.") (internal quotation marks and citation omitted)); *Nat'l Treasury Empls. Union v. I.R.S.*, 765 F.2d 1174, 1177 n.5 (D.C. Cir. 1985) ("The semblance of judge shopping" is "a concern when a litigant discontinues a fray, only to start over again on another day."). Put bluntly by the Eastern District of Wisconsin: "The court does not tolerate judge shopping, which is expressly prohibited under the [Eastern District's] local rules." *Untershine v. Encore Receivable Mgmt., Inc.*, No. 18-cv-1484, 2019 WL 3766564, at *5 (E.D. Wis. Aug. 9, 2019) (citing E.D. Wis. Civ. L. R. 41(e) ("No party or attorney may dismiss and refile an action for the purpose of obtaining a different judge.")).

Because forum shopping is the only plausible explanation for Newsmax's decision to re-file in this district, the interest of justice should be the "determinative" Section 1404(a) factor and supports transfer back to the Southern District of Florida. *Rsch. Automation*, 626 F.3d at 977–78; *see Gabet*, 2022 WL 4078442, at *6 ("Because the Court finds obvious forum-shopping, transfer is appropriate regardless of any other considerations."); *see also Wireless Consumers All., Inc. v. T-Mobile USA, Inc.*, No. 3-cv-3711, 2003 WL 22387598, at *4 (N.D. Cal. Oct. 14, 2003) ("The question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and factors involving convenience of parties and witnesses are in fact subordinate."); *Mitchell v. Deutsche Bank Nat'l Tr. Co.*, No. 15-cv-1307, 2015 WL 12867746, at *3 (C.D. Cal. Oct. 29, 2015) ("[F]orum-shopping concerns strongly suggest that the interests of justice will be served by transfer.").

For this reason, courts grant motions to transfer in circumstances analogous to those here. Take this Court's decision in *Encyclopaedia Britannica, Inc.*, 512 F. Supp. 2d 1169. There, the plaintiff's complaint in this Court had "*identical* allegations as those found in [] complaints" in two consolidated suits in the Western District of Texas. 512 F. Supp. 2d at 1172 (emphasis added).

This Court recognized that the Western District of Wisconsin was not the plaintiff's home forum, nor was it "a district where [the] plaintiff can boast of having any greater relationship or connectivity than it has with other districts." *Id.* This Court thus concluded that "the interests of justice factor is determinative" since "transfer would stop [the] plaintiff's forum shopping." *Id.* at 1176–77. Reasoning that "[t]o allow [the] plaintiff to start anew in a different district would permit a type of forum shopping that would consume an unnecessary amount of judicial resources," this Court transferred the action to the Western District of Texas. *Id.* at 1177–78.

Similarly, in *LegalForce, Inc. v. LegalZoom.com, Inc.*, the court granted a motion to transfer after the plaintiff voluntarily dismissed its case in the Northern District of California and re-filed in the Central District of California. No. 2:18-cv-6147, 2018 WL 6179319, at *1–2 (C.D. Cal Nov. 27, 2018). The court concluded that the fact that "LegalForce filed its claims in this district after receiving unfavorable rulings in the Northern District" and "alleged essentially the same claims based on the same underlying facts" established that it "abused the judicial process by judge-shopping." *Id.* at *4–5. The court found transfer back to the original forum appropriate under both the court's inherent authority and 28 U.S.C. § 1404(a). *Id.*

Also illustrative is *Emerson v. Toyota Motor North American, Inc.*, in which another district court transferred a case back to the original venue in the Central District of California after the plaintiffs (i) voluntarily dismissed their suit once the judge was assigned and (ii) immediately refiled in the Northern District of California. No. 14-cv-2842, 2014 WL 6985183, at *4 (N.D. Cal. Dec. 9, 2014). The court could not "conceive of another reason" for the plaintiffs' actions except that they "believ[ed] they would receive a more favorable judicial assignment than the one they had just received." *Id.* at *3. Although the court recognized that most of the other Section 1404(a) factors were neutral, transfer was warranted based on the "appearance of judge-shopping" alone.

*Id.* at *4; *see Gabet*, 2022 WL 4078442, at *6 (holding that "transfer is appropriate regardless of any other considerations" because the plaintiff engaged in "obvious forum-shopping," and noting that the "remaining 'interests of justice' factors are neutral"); *see also Garcia*, 2020 WL 2711556, at *2–3 (granting defendant's motion to transfer case back to the Southern District of Florida after plaintiff voluntarily dismissed a nearly identical case in the Southern District of Florida and refiled in the Eastern District of Michigan following an adverse Eleventh Circuit decision); *Banga v. First USA, NA*, No. 9-cv-2268, 2010 WL 727749, at *2 (E.D. Cal. Mar. 2, 2010) (A "plaintiff cannot voluntarily dismiss a defendant without prejudice in order to bring the action in another forum in order to avoid having the claim heard by the same judge who originally made a decision adverse to plaintiff."); *Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69, 73 (D.P.R. 2004) (holding plaintiffs had "engaged in judge-shopping" by voluntarily dismissing their case under Rule 41(a)(1)(A)(i) and refiling a materially identical case the next day).

Accordingly, the Court should grant this motion because "litigants are not permitted to 'weigh anchor and set sail for the hopefully more favorable waters of another district' whenever they 'see a storm brewing in the first court.'" *Tanner v. Navy Fed. Credit Union*, No. 3:24-cv-69, 2024 WL 130756, at *2 (N.D. Tex. Jan. 10, 2024) (citing *Moreno v. City of New York*, No. 14-cv-6062, 2015 WL 403246, at *2 (E.D.N.Y. Jan. 28, 2015)).

### 2. The Other Section 1404(a) Factors Also Favor Transfer.

Because the interest of justice factor is dispositive and favors transfer here, the Court need not consider the Section 1404(a) convenience factors. *See Rsch. Automation*, 626 F.3d at 978. Even if the Court does consider those factors, though, they favor transfer as well.

First, Florida is the more convenient forum for both the parties and the witnesses. *See Nokia Corp. v. Apple Inc.*, No. 3:10-cv-249, 2011 WL 13254570, at *2 (W.D. Wis. Jan. 5, 2011) (Conley, J.). Newsmax is a Florida limited liability company, with its principal place of business in Boca

Raton, Florida. Neither Newsmax nor Fox resides in Wisconsin, so the Court should not give any deference to Newsmax's new choice of forum. *See id.*; *see also Vital Pharms., Inc. v. Monster Energy Co.*, No. 20-cv-1127, 2020 WL 6162796, at *3 (C.D. Cal. Aug. 27, 2020) ("[P]laintiff's forum shopping"—filing suit "in a forum thousands of miles away from its home district"—"entitles its choice of forum to no deference and weighs in favor of transferring this matter"); *Vu v. Ortho-McNeil Pharm, Inc.*, 602 F. Supp. 2d 1151, 1156 (C.D. Cal. 2009) ("[W]here a plaintiff does not reside in the forum, the Court may afford plaintiff's choice considerably less weight."); *Mitchell*, 2015 WL 12867746, at *3 ("[C]oncerns of forum-shopping are potentially present when a plaintiff pursues litigation outside his home district.").

Instead, because Newsmax is a Florida company, its material witnesses are more likely to be based in Florida than anywhere else in the nation. Newsmax itself has previously argued this very point. When hauled into an out-of-state venue with no connection to the alleged claims, Newsmax argued a non-Florida court was an "inappropriate and inconvenient forum" and accordingly sought that the action be "transferred to the United States District Court for the Southern District of Florida." Memorandum of Law in Support of Defendant's Motion to Dismiss for Lack of Jurisdiction and/or Improper Venue or in the Alternative to Stay and Compel Arbitration, *Johns v. Newsmax Media, Inc.*, No. 1:11-cv-2258 (D.D.C. Feb. 21, 2012), ECF No. 4-1 at 13 (Walsh Decl., **Exhibit D**). Conversely, Fox is a New York-based company, and Newsmax's complaint provides no basis to conclude that any material Fox witnesses are located in (or even near) Wisconsin.

Second, Newsmax's antitrust claims have no particular connection to Wisconsin. The Wisconsin Complaint fails to identify any unique connection between the underlying events supporting its claims and Wisconsin. It states that Newsmax and Fox broadcast content in

Wisconsin pursuant to national and local carriage agreements—but the same is true in Florida and every other State. Dkt. 1 at ¶¶ 6, 14–17. And while Newsmax's Wisconsin Complaint asserts Wisconsin state law antitrust claims, those merely recast its Florida state law claims under Wisconsin's analogous statutes. Because Newsmax's allegations are not particularized to Wisconsin, "[t]here can be little doubt that [Newsmax's] real reason for [adding Wisconsin claims] was the hope that [the] shadow [claims] would insulate the case from transfer." *Encyclopaedia Britannica*, 512 F. Supp. 2d at 1174. The Court should reject this gamesmanship. Under these circumstances, Newsmax's current preference to litigate in Wisconsin is given little deference. *See Dunn v. Soo Line R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994) ("[W]here the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the 'plaintiff's preference has minimal value'."); *Carter v. Baldwin*, No. 17-cv-3690, 2017 WL 3310976, at *2 (N.D. Ill. Aug. 3, 2017) ("[A] plaintiff's choice of forum merits less deference where the events giving rise to the suit did not occur there."). Accordingly, the Section 1404(a) "convenience" factors favor transfer back to the Southern District of Florida.

## CONCLUSION

Newsmax filed a losing lawsuit in the Southern District of Florida and received an adverse ruling before filing in this District with no apparent connections to this lawsuit. "The interests of justice are not served by such blatant forum shopping." *Telepharmacy Sols., Inc. v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 744 (E.D. Va. 2003). This Court should not tolerate it. For all the above reasons, Fox respectfully requests that this Court transfer this action back to the United States District Court for the Southern District of Florida, to be noted as related to Civil Action No. 9:25-cv-81091, pursuant to 28 U.S.C. § 1404(a).

DATED:          September 22, 2025

                                                                       Respectfully submitted,

                                                                        */s/ Ryan J. Walsh*_____
                                                                        Ryan J. Walsh
                                                                        **EIMER STAHL LLP**
                                                                        10 East Doty Street
                                                                        Suite 621
                                                                        Madison, WI 53703
                                                                        Telephone: 608.620.8346
                                                                        rwalsh@eimerstahl.com

                                                                        Bradley J. Bondi*
                                                                        Michael F. Murray*
                                                                        Benjamin W. Snyder
                                                                        Ronald K. Anguas
                                                                        **Application for Admission Submitted*

                                                                        **PAUL HASTINGS LLP**
                                                                        2050 M Street NW
                                                                        Washington, DC 20036
                                                                        Telephone: 202.551.1700
                                                                        bradbondi@paulhastings.com
                                                                        michaelmurray@paulhastings.com
                                                                        bensnyder@paulhastings.com
                                                                        ronaldanguas@paulhastings.com

                                                                        ***Attorneys for Defendants***