**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| NEWSMAX BROADCASTING, LLC, *Plaintiff* v. FOX CORPORATION AND FOX NEWS NETWORK, LLC, *Defendants*. | No. 3:25-cv-770 Hon. William M. Conley |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
UNOPPOSED MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT**

**INTRODUCTION**

Defendants Fox Corporation and Fox News Network, LLC ("Fox") respectfully seek an extension of time to answer or otherwise respond to Newsmax's complaint until: (i) November 25, 2025; or (ii) in the event the pending motion to transfer, *see* Dkt. 9, is granted on or before November 25, until December 16, 2025. Counsel for Fox has conferred with counsel for Newsmax, and Newsmax does not oppose this extension request.

Newsmax originally filed this antitrust case in the Southern District of Florida. That court dismissed the complaint as an impermissible shotgun pleading and gave Newsmax one week to file an amended complaint. Instead of filing an amended complaint, Newsmax dismissed its case in Florida and filed a nearly identical complaint in this District.

To address that forum shopping, Fox moved expeditiously to transfer this case back to Florida, *see* Dkt. 9, 10, and also sought an unopposed 30-day extension of time to respond to the complaint, given that the deadline for a response was fast approaching. As the schedule currently exists, Fox's response to Newsmax's complaint is due on November 3, while briefing on the pending motion to transfer is set to conclude just eleven days before that, on October 23.

In order to establish a more reasonable and efficient briefing schedule that makes it more likely that Fox's motion to dismiss will not be due until after the motion to transfer has been decided—and the parties know which Circuit's law will apply—counsel for Fox conferred with counsel for Newsmax. Newsmax's counsel has agreed that it would not oppose the schedule sought in this motion. The requested schedule makes it more likely that the Court will have resolved the transfer motion prior to Fox's deadline to file its motion to dismiss and it accounts for the fact that the deadlines set by this Court will remain operative if the case is transferred back to

Florida. If the case is transferred, the requested schedule also would provide Fox with reasonable time to address different governing law in its motion to dismiss.

Accordingly, Fox respectfully requests that the Court grant this unopposed motion to extend the time for Fox to answer or otherwise respond to Newsmax's complaint until: (i) November 25, 2025; or (ii) in the event the pending motion to transfer is granted on or before November 25, until December 16, 2025.

## BACKGROUND

Fox's motion to transfer and accompanying memorandum provide extensive background on how this action arrived before the Court. *See* Dkt. 9, 10.

On September 3, 2025, Newsmax, a Florida company, filed a complaint against Fox in the United States District Court for the Southern District of Florida that is materially identical to the Complaint in this action. *See Newsmax Broad., LLC v. Fox Corp.*, No. 9:25-cv-81091 (S.D. Fla.); *see also* Dkt. 11-1. The next day, the Florida court *sua sponte* dismissed Newsmax's complaint without prejudice as "an impermissible 'shotgun pleading,'" ordered Newsmax to file an amended complaint by September 11, 2025, and warned that failure to comply with its order could "result in dismissal of the case without further notice." *Newsmax Broad., LLC v. Fox Corp.*, No. 9:25-cv-81091, 2025 WL 2553698, at *1 (S.D. Fla. Sept. 5, 2025); *see also* Dkt. 11-2 at 1–2. On September 11, instead of filing an amended complaint, Newsmax voluntarily dismissed the Florida action. Dkt. 11-3. Within hours, Newsmax filed the instant complaint in this Court. Dkt. 1.

On September 22, 2025, Fox moved to transfer this action back to Florida—where it was originally filed, where Newsmax is at home, and where the court has already ruled—pursuant to 28 U.S.C. § 1404(a). Dkt. 9. The next day, Fox filed an unopposed motion for an extension of time to answer or otherwise respond to the Complaint, Dkt. 14, which the Court granted for good

cause that same day in a text-only order, *see* Dkt. 15.  Fox's answer or responsive pleading is now due November 3, 2025.  As for the motion to transfer, Newsmax's opposition is due October 14, 2025, and Fox's reply is due October 23, 2025.  *See* Dkt. 9.

## ARGUMENT

The Court should exercise its authority under Federal Rule of Civil Procedure 6(b), or its inherent authority, to extend the time for Fox to file an answer or otherwise respond to Newsmax's complaint.  *See* Fed. R. Civ. P. 6(b)(1)(A) ("[T]he court may, for good cause, extend the time" for filing an answer or other responsive pleading "before the original time or its extension expires."); *Michaud v. Baker*, No. 3:17-cv-718, 2019 WL 1292679, at *1 (D. Nev. Mar. 20, 2019) (granting enlargement of a stay pursuant to court's "inherent power to control [its] docket[]" and Rule 6(b)(1)).  Good cause exists given the procedural posture of this case, in which, as it stands, a motion to dismiss will have to be prepared before briefing concludes on a motion to transfer that may send this case back to the Southern District of Florida.  *See, e.g.*, *Yellow Corp. v. Int'l Bhd. of Teamsters*, No. 23-cv-1131, 2023 WL 5854672, at *1 (D. Kan. Sept. 11, 2023) ("The Court concludes that the motion to transfer should be briefed and decided before proceeding further on the motions to dismiss" because "deciding the transfer issue first is in the best interest of judicial economy."); *CFPB v. Acima Holdings, LLC*, No. 2:24-cv-525, 2024 WL 4581482, at *1–2 (D. Utah Oct. 25, 2024) (staying responsive pleading deadline pending resolution of motion to transfer).

Extending the deadline for Fox to move to dismiss the complaint until November 25 makes it more likely that the Court would have ruled on the pending transfer motion, and it also would provide Fox a reasonable time to draft a motion to dismiss upon conclusion of briefing on the motion to transfer.  *Cf. In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July

16, 2015) (explaining that defendant should not be "forced to expend resources litigating substantive matters . . . while a motion to transfer" is pending); *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("[O]nce a party files a transfer motion, disposing of that motion should unquestionably take top priority."); *DISH Techs. LLC v. WebGroup Czech Rep., A.S.*, No. 2:23-cv-00553, 2025 WL 562555, at *2 (D. Utah Feb. 20, 2025) (noting court's grant of extension of time to respond to complaint pending resolution of defendants' forthcoming motion to transfer).

The requested schedule also includes an alternative deadline of December 16, 2025, in the event the case is transferred on or before November 25. In the event of a transfer, deadlines set by this Court will transfer with the case. *See* 15 Wright & Miller's Federal Practice & Procedure § 3846 (4th ed. 2025); *Mondis Tech. Ltd. v. LG Elecs., Inc.*, No. 2:14-cv-702, 2015 WL 11117316, at *1 (E.D. Tex. June 9, 2015) (noting that, upon transfer, "all pending deadlines . . . will remain in effect until that [transferee] court enters an order altering such deadlines"). The December 16, 2025 deadline would permit Fox time to address different Circuit law in its motion to dismiss.

This extension request also avoids any undue delay. By providing two fixed deadlines, one or the other of which would apply depending upon whether the case is transferred on or before November 25, the requested extension ensures that Fox's deadline for answering or otherwise responding to the complaint will not extend beyond a date certain.

## CONCLUSION

For these reasons, the Court should grant this unopposed motion and extend the time for Fox to answer or otherwise respond to Newsmax's complaint until: (i) November 25, 2025; or (ii) in the event the pending motion to transfer is granted on or before November 25, until December 16, 2025.

Dated:  October 14, 2025

                                                                      Respectfully submitted,

                                                                      */s/ Ryan J. Walsh*

Bradley J. Bondi                                            Ryan J. Walsh
Michael F. Murray
Benjamin Snyder
Ronald K. Anguas

| | |
|---|---|
| **PAUL HASTINGS LLP** | **EIMER STAHL LLP** |
| 2050 M Street NW | 10 East Doty Street |
| Washington, DC 20036 | Suite 621 |
| Telephone: 202.551.1700 | Madison, WI 53703 |
| bradbondi@paulhastings.com | Telephone: 608.620.8346 |
| michaelmurray@paulhastings.com | rwalsh@eimerstahl.com |
| bensnyder@paulhastings.com | |
| ronaldanguas@paulhastings.com | |

***Attorneys for Defendants***

-5-