**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

NEWSMAX BROADCASTING, LLC

*Plaintiff,*

v.

FOX CORPORATION and
FOX NEWS NETWORK, LLC

*Defendants.*

Case No. 3:25-cv-770-WMC

**PLAINTIFF'S OPPOSITION TO
<u>DEFENDANTS' MOTION TO TRANSFER VENUE</u>**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

LEGAL STANDARD.......................................................................................................... 3

ARGUMENT ....................................................................................................................... 4

I.      NEWSMAX'S CHOICE OF FORUM SHOULD BE RESPECTED. .............................. 5

      A.     Newsmax Has an Absolute Right to Dismiss and Refile Its Complaint Under Federal Rule of Civil Procedure 41(a)(1) ................................................. 5

      B.     Fox Exaggerates the Import of the Florida Ruling ................................................. 7

      C.     Fox's Cases Set the Bar for Forum Shopping Far Higher Than the Facts Here ..... 9

      D.     Transferring This Action Would Contravene the Purpose of the Clayton Act's Broad Venue Provisions to Encourage Private Enforcement ............................. 12

      E.     Other Interest-of-Justice Factors Support Denial of Transfer.............................. 15

II.     LITIGATING IN FLORIDA IS NOT CLEARLY MORE CONVENIENT. .................. 15

CONCLUSION................................................................................................................... 18

# TABLE OF AUTHORITIES

## CASES

*ABC Great States, Inc. v. Globe Ticket Co.*,
    304 F. Supp. 1052 (N.D. Ill. 1969) ................................................................................13

*AL & PO Corp. v. Am. Healthcare Cap., Inc.*,
    2015 U.S. Dist. LEXIS 19922 (N.D. Ill. Feb. 19, 2015) ........................................... 16-17

*Alul v. Am. Honda Motor Co., Inc.*,
    2016 WL 7116934 (N.D. Cal. Dec. 7, 2016) ......................................................................8

*Ashley Furniture Indus., Inc. v. Packaging Corp. of Am.*,
    275 F. Supp. 3d 957 (W.D. Wis. 2017) ..........................................................3, 4, 15, 16

*Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*,
    2011 WL 13210037 (W.D. Wis. Dec. 21, 2011) ..............................................................16

*Banga v. First USA, NA*,
    2010 WL 727749 (E.D. Cal. Mar. 2, 2010) ......................................................................10

*Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*,
    212 F.3d 1031 (7th Cir. 2000) ........................................................................................16

*Bechuck v. Home Depot U.S.A., Inc.*,
    814 F.3d 287 (5th Cir. 2016) ....................................................................................5, 6, 7

*Big Daddy Games, LLC v. Reel Spin Studios, LLC*,
    2012 WL 12995406 (W.D. Wis. Aug. 24, 2012) ................................................................6

*Boyer v. BNSF Ry. Co.*,
    824 F.3d 694 (7th Cir. 2016) ..........................................................................................12

*CFE Grp., LLC v. FirstMerit Bank, N.A.*,
    809 F.3d 346 (7th Cir. 2015) ......................................................................................5, 6

*Coffey v. Van Dorn Iron Works*,
    796 F.2d 217 (7th Cir. 1986) ......................................................................................4, 15

*College Retirement Equities Fund v. Boeing Co.*,
    2025 WL 1207313 (N.D. Ill. Apr. 25, 2025) ............................................................ 10-11

*Cont'l Airlines, Inc. v. Am. Airlines, Inc.*,
    805 F. Supp. 1392 (S.D. Tex. 1992) ................................................................................13

*Dongguan Deego Trading Co. v. Junyao-US*,
   2025 WL 2174325 (N.D. Ill. July 31, 2025).................................................11

*Emerson v. Toyota Motor N. Am., Inc.*,
   2014 WL 6985183 (N.D. Cal. Dec. 9, 2014).................................................11

*Esposito v. Airbnb Action LLC*,
   538 F. Supp. 3d 844 (N.D. Ill. 2020).......................................................17

*Ferguson v. Ford Motor Co.*,
   89 F. Supp. 45 (S.D.N.Y. 1950).........................................................13-14

*Ford Motor Co. v. Ryan*,
   182 F.2d 329 (2d Cir. 1950).................................................................13

*Gabet v. Amazon.com, Inc.*,
   2022 WL 4078442 (N.D. Ind. Sep. 6, 2022).....................................................9

*Garcia v. FCA US, LLC*,
   2020 WL 2711556 (E.D. Mich. May 26, 2020).................................................10

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501 (1947)...........................................................................4

*Imation Corp. v. Quantum Corp.*,
   2002 U.S. Dist. LEXIS 4034 (D. Minn. Mar. 8, 2002).................................4, 13

*In re Nat'l Presto Indus., Inc.*,
   347 F.3d 662 (7th Cir. 2003) ...........................................2, 3-4, 12-13

*L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*,
   89 F.R.D. 497 (C.D. Cal. 1981).............................................................13

*Lanier Bus. Prods. v. Graymar Co.*,
   355 F. Supp. 524 (D. Md. 1973).............................................................14

*LegalForce, Inc. v. Legalzoom.com, Inc.*,
   2018 WL 6179319 (C.D. Cal. Nov. 27, 2018)..............................................9-10

*Lynch v. Bailey-Roka*,
   2022 WL 20210727 (S.D. Fla. Oct. 3, 2022)...................................................9

*Marques v. Fed. Rsrv. Bank of Chi.*,
   286 F.3d 1014 (7th Cir. 2002) .............................................................1, 5

*McCall-Bey v. Franzen*,
    777 F.2d 1178 (7th Cir. 1985) ........................................................ 5

*Newsmax Broad., LLC v. Fox Corp.*,
    No. 25-cv-81091, 2025 WL 2553698 (S.D. Fla. Sep. 5, 2025) ...................... 3, 8

*Piper Jaffray & Co. v. Severini*,
    443 F. Supp. 2d 1016 (W.D. Wis. 2006) ................................................ 1, 6-7

*Res. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
    626 F.3d 973 (7th Cir. 2010) ............................................................ 7

*Smith v. Potter*,
    513 F.3d 781, 783 (7th Cir. 2008) ................................................ 1-2, 5, 7

*Star Lines, Ltd. v. Puerto Rico Maritime Auth.*,
    442 F. Supp. 1201 (S.D.N.Y. 1978) .................................................. 13

*Storm Mf'g Grp., Inc. v. Weather Tec Corp.*,
    2013 WL 12129620 (C.D. Cal. Apr. 15, 2013) ...................................... 4, 13

*Sunbeam Prods., Inc. v. Homedics, Inc.*,
    587 F. Supp. 2d 1055 (W.D. Wis. 2008) .......................................... 17-18

*Sunshine Cellular v. Vanguard Cellular Sys., Inc.*,
    810 F. Supp. 486 (S.D.N.Y. 1992) ................................................... 13

*Tex. Utils. Co. v. Santa Fe Indus., Inc.*,
    553 F. Supp. 106 (N.D. Tex. 1982) .................................................. 13

*Tiger Trash v. Browning-Ferris Indus., Inc.*,
    560 F.2d 818 (7th Cir. 1977) ......................................................... 13

*United States v. Scott & Williams, Inc.*,
    88 F. Supp. 531 (S.D.N.Y. 1950) .................................................... 14

*Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*,
    341 F. Supp. 2d 69 (D.P.R. 2004) ............................................ 10, 11-12

*Vibe Micro, Inc. v. Shabanets*,
    878 F.3d 1291 (11th Cir. 2018) ........................................................ 8

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
    792 F.3d 1313 (11th Cir. 2015) ........................................................ 9

iv

*Wilson v. City of San Jose*,
    111 F.3d 688 (9th Cir. 1997) ............................................................................6

*Winterland Concessions Co. v. Smith*,
    706 F.2d 793 (7th Cir. 1983) ............................................................................6

*Z-TEL Commc'ns, Inc. v. SBC Commc'ns, Inc.*,
    331 F. Supp. 2d 567 (E.D. Tex. 2004)...................................................4, 13

## STATUTES

15 U.S.C. § 22.................................................................................................... 12-13

28 U.S.C. § 1404(a) ...............................................................................................3

## RULE

Fed. R. Civ. P. 41(a)(1)........................................................................................5, 6

Fed. R. Civ. P. 41(a)(2)........................................................................................6

## OTHER MATERIALS

Civil Filing Requirements (S.D. Fla. Aug. 28, 2019),
    https://perma.cc/M5BP-MWVA.................................................................11

Class Action Pls.' Mem. of L. in Opp'n to Defs.' Mot. to Transfer Venue,
    *Emerson v. Toyota Motor N. Am., Inc.*, No. 14-cv-02842
    (N.D. Cal. filed Oct. 7, 2014), Dkt. No. 24...............................................11

Internal Operating Procedures (S.D. Fla. Feb. 1, 2024),
    https://perma.cc/2MAV-YWBB .................................................................11

*J.P. Morgan Sec. LLC v. Durham*,
    No. 25-cv-80605 (S.D. Fla. May 20, 2025), Dkt. No. 8 .........................9

*Knopman v. Target Corp.*,
    No. 23-cv-81389 (S.D. Fla. Oct. 17, 2023), Dkt. No. 4 .........................9

Pls.' Reply Mem. of L. in Further Support of Their Mot. to Transfer,
    *College Retirement Equities Fund v. Boeing Co.*, No. 22-cv-03845
    (N.D. Ill. filed Feb. 14, 2025), Dkt. No. 67 ...........................................10

8 Moore's Federal Practice – Civil § 41.11 .......................................................5

## INTRODUCTION

Fox's anticompetitive conduct affects this district as much as any other. When Newsmax filed this case in the Western District of Wisconsin, it timely exercised its right to dismiss its Florida complaint and refile in another jurisdiction. Federal Rule of Civil Procedure 41(a)(1) creates this "absolute" right to dismiss voluntarily and refile as long as the defendant has not answered or moved for summary judgment. *See*, *e.g.*, *Piper Jaffray & Co. v. Severini*, 443 F. Supp. 2d 1016, 1022 (W.D. Wis. 2006) (no forum-shopping where plaintiff, as "the master of its complaint," "dismiss[ed] its [complaint] before defendants filed either their answer or a motion for summary judgment"). The complaint was on file in Florida for less than 48 hours. Fox claims no prejudice and has suffered none.

Venue is proper in this district. With Section 12 of the Clayton Act, Congress expressly created venue for antitrust claims in any district in the United States where a defendant does business. Defendants Fox Corporation and Fox News Network, LLC ("Fox" or "Defendants") conduct material business in Wisconsin pursuant to their local, regional, and national carriage agreements. Fox licenses its programming to hundreds of thousands of consumers across the Western District of Wisconsin, derives substantial revenue from this district's residents, and owns broadcast assets in the state.

Fox's allegations of forum shopping are overwrought. Newsmax did not refile in this district to escape a substantive adverse ruling in Florida (there was none). Nor did Newsmax attempt to take advantage of better law in this district (Fox identifies none) or gain any other tactical advantage over Fox (Fox raises no prejudice). Fox's claims of forum shopping notwithstanding, "one doesn't need a good reason, or even a sane or any reason, to dismiss a suit voluntarily. The right is absolute." *Marques v. Fed. Rsrv. Bank of Chi.*, 286 F.3d 1014, 1017 (7th

1

Cir. 2002). Once the dismissal is filed under Rule 41(a)(1), "[i]t is as if the suit had never been brought," and Newsmax is free to bring a new suit in any court with proper jurisdiction and venue, just as it would if it had never filed the case. *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008). *All* the forum shopping cases Fox cites involve facts that are not present here, including material adverse rulings, concurrent actions, and even candid admissions of forum shopping by the plaintiff.

Beyond claiming forum shopping, Fox does not offer meaningful reasons for transfer. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003). Fox argues that many of Newsmax's witnesses are likely located in Florida, but Newsmax chose to file in this district and is willing and able to bring those witnesses here. Non-party documents and key witnesses will likely come from around the country. The motion should be denied.

## BACKGROUND

Newsmax is a Florida limited liability company whose programming is distributed throughout the United States, including widely across Wisconsin and specifically in the Western District via local and national carriage agreements. Compl. ¶¶ 5-6 (filed Sep. 11, 2025), Dkt. No. 1. Defendants Fox Corporation and Fox News Network, LLC are incorporated in Delaware. Both Fox Defendants have a principal place of business in New York. Compl. ¶¶ 7-8.

Fox "transacts business" in the Western District of Wisconsin as that phrase is defined under Section 12 of the Clayton Act. It licenses its programming for distribution to cable and streaming subscribers in this district; it maintains affiliation agreements with several local stations; and it owns offices and studios in Wisconsin. Compl. ¶¶ 14-15. Fox derives substantial revenue from the Western District of Wisconsin via carriage fees and advertising tied to Wisconsin viewers' subscriptions to Fox programming, including Fox News and Fox Sports.

Newsmax filed an initial complaint in the Southern District of Florida on September 3, 2025. The next day, the court *sua sponte* dismissed the complaint without prejudice and with leave to replead, on grounds that the complaint's causes of action included paragraphs that "incorporate[d] the allegations of previous counts." *Newsmax Broad., LLC v. Fox Corp.*, No. 25-cv-81091, 2025 WL 2553698, at *1 (S.D. Fla. Sep. 5, 2025) (order signed September 4). The court's order also included instructions on how to correct this technical issue in a re-filed complaint. The court's order did not rule on or express any view about the merits of the complaint.

On September 11, Newsmax voluntarily dismissed the action without prejudice under Rule 41(a)(1). *See* Decl. of Ryan J. Walsh ("Walsh Decl."), Ex. C (filed Sep. 22, 2025), Dkt. No. 11-3. Newsmax then filed this action in the Western District of Wisconsin, where Fox transacts substantial business and causes injury with its anticompetitive agreements. Newsmax tailored its complaint to address the parties' Wisconsin-specific ties and Wisconsin-specific claims, and added entirely new allegations of unlawful block-booking in violation of Section 1 of the Sherman Act and Section 133.03(1) of the Wisconsin Antitrust Act. *See* Compl. ¶¶ 6, 14-16, 99-134; *see also* Defs.' Mem. of L. in Support of Mot. to Transfer Venue at 3 (filed Sep. 22, 2025), Dkt. No. 10 ("Fox Mot.") (acknowledging Plaintiff's new claims under Wisconsin's Antitrust Act and Plaintiff's "additional allegations of 'block-booking'").

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). Transfer is appropriate only if it "will (a) serve the convenience of the parties and witnesses and (b) promote the interests of justice." *Ashley Furniture Indus., Inc. v. Packaging Corp. of Am.*, 275 F. Supp. 3d 957, 966 (W.D. Wis. 2017). The § 1404(a) analysis

3

begins from the premise that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Nat'l Presto Indus.*, 347 F.3d at 664 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)); *see also Ashley Furniture*, 275 F. Supp. 3d at 966 (convenience inquiry begins with "the plaintiff's choice of forum").

The plaintiff's choice deserves additional weight in an antitrust case alleging nationwide anticompetitive conduct and harm. *See, e.g., Storm Mf'g Grp., Inc. v. Weather Tec Corp.*, 2013 WL 12129620, at \*4 (C.D. Cal. Apr. 15, 2013); *Z-TEL Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 572 (E.D. Tex. 2004); *Imation Corp. v. Quantum Corp.*, 2002 U.S. Dist. LEXIS 4034, at \*19 (D. Minn. Mar. 8, 2002). The moving party bears the burden of establishing that the transferee forum is "clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," including time to trial, "familiarity with the relevant law," "the respective desirability of resolving the claims in each court," and "the relationship of each community to the controversy." *Ashley Furniture*, 275 F. Supp. 3d at 967.

## ARGUMENT

Fox does not carry its burden to justify a transfer. Rule 41(a)(1) permitted Newsmax to dismiss and refile its complaint in another proper venue, for any reason, as long as it did so before Fox filed an answer or motion for summary judgment. While Fox claims forum shopping should override Newsmax's choice, it points only to a nonsubstantive, nonmerits ruling that does not support its allegation. Key witnesses and documents are likely nationwide, and the alleged anticompetitive restraints were negotiated and are enforced across the country, including in this district. None of Fox's arguments overcome the deference owed to Newsmax's choice of forum.

I.       **NEWSMAX'S CHOICE OF FORUM SHOULD BE RESPECTED.**

     A.       **Newsmax Has an Absolute Right to Dismiss and Refile Its Complaint Under Federal Rule of Civil Procedure 41(a)(1)**

Federal Rule of Civil Procedure 41(a)(1) permits a plaintiff to dismiss an action without court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." "[T]he general purpose of the rule is to preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt." *McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985). A plaintiff's right to dismiss under Rule 41(a) has been characterized by the Seventh Circuit as "absolute." *Marques*, 286 F.3d at 1017. A plaintiff "doesn't need a good reason, or even a sane or any reason, to dismiss a suit voluntarily." *Id*. Rule 41(a)(1) expressly provides that a dismissal under the rule is "without prejudice," and once a dismissal is filed, "[i]t is as if the suit had never been brought," leaving the plaintiff free to bring a new suit in a different forum. *Potter*, 513 F.3d at 783; *see also Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 293 (5th Cir. 2016) (plaintiff is "free to return to the dismissing court or other courts at a later date with the same claim"). As the Seventh Circuit has explained, under Rule 41(a), "the plaintiff can dismiss without the court's permission, *and without prejudice to his being able to bring a new suit*, if the defendant has not yet answered the complaint or moved for summary judgment." *McCall-Bey*, 777 F.2d at 1184 (emphasis added). Plaintiffs commonly "use voluntary dismissal to 'secure their preferred forum.'" *Bechuck*, 814 F.3d at 293; *see also* 8 Moore's Federal Practice – Civil § 41.11 ("[M]ost voluntary dismissals do not actually terminate the litigation, but result in their renewal at another time and place."); *CFE Grp., LLC v. FirstMerit Bank, N.A.*, 809 F.3d 346, 351 (7th Cir. 2015) (district court properly allowed plaintiff to dismiss federal action under Rule 41(a)(1) and file a new suit in state court).

Notably, Rule 41 contains provisions that do limit a plaintiff's ability to change forums,

but in circumstances that do not apply here. Rules 41(a)(1)(A)(ii) and 41(a)(2) provide that when a plaintiff has litigated a case past an answer or motion for summary judgment, the plaintiff can dismiss the case only by a court order or stipulation signed by all parties. Additionally, Rule 41(a)(1)(B) provides that where a plaintiff has already voluntarily dismissed the same claim once, any subsequent notice of dismissal "operates as an adjudication on the merits." These provisions are designed to protect against forum-switching by plaintiffs in those scenarios. *See CFE*, 809 F.3d at 351 & n.1 ("The risk of repetitive litigation and forum-shopping is sharply limited by Rule 41(a)(1)(B)"); *Big Daddy Games, LLC v. Reel Spin Studios, LLC*, 2012 WL 12995406, at *5 (W.D. Wis. Aug. 24, 2012) ("The purpose of Rule 41(d) is to prevent forum shopping and vexatious litigation").

Rule 41(a)(1)(A)(i), however, contains no such restrictions, because "[t]he voluntary dismissal of an action [under Rule 41(a)(1)] does not constitute the sort of egregious forum shopping that federal courts have traditionally sought to discourage." *Wilson v. City of San Jose*, 111 F.3d 688, 694 (9th Cir. 1997). Put more bluntly, "Rule 41(a)(1) essentially permits forum shopping." *Bechuck*, 814 F.3d at 293. Rule 41 creates an explicit and "easy to administer" rule that tells the court "whether a suit has reached the point of no return" and a plaintiff's unqualified right to dismiss and re-file has expired. *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir. 1983).

Because Fox had not filed an answer or motion for summary judgment, Newsmax, as "the master of its complaint," is entitled to dismiss its complaint and refile in this district. *See Severini*, 443 F. Supp. 2d at 1022. *Severini* is instructive. There, the plaintiff first filed a motion for a temporary restraining order and a preliminary injunction in this Court, but then dismissed under Rule 41(a)(1) before the injunctive hearing and refiled in Wisconsin state court. *Id.* at

1018. Defendants quickly removed the case to federal court, contending that the plaintiff had forfeited any objection to removal by originally filing in federal court. *Id.* at 1019. This Court rejected that argument, refusing to "consider any action taken by plaintiff during the pendency" of the first-filed action because "[a] voluntary dismissal leaves the situation as if a suit had never been brought." *Id.* at 1021.

Like the plaintiff in *Severini*, Newsmax exercised its Rule 41(a)(1) right when it voluntarily dismissed its Florida action. *See* Walsh Decl., Ex. C. This dismissal put Newsmax "in a legal position as if [it] had never brought the first suit," and Newsmax was "free to return to the dismissing court or other courts at a later date with the same claim." *Bechuck*, 814 F.3d at 293; *see also Potter*, 513 F.3d at 783 ("It is as if the suit had never been brought.").

Fox's request that this Court hold Newsmax's initial filing against it in its transfer analysis would deprive Newsmax of the very right Rule 41(a)(1) confers: "to choose [its] forum anew" and return "to the same legal position that [it] occupied before suit."[1] *Bechuck*, 814 F.3d at 293. If accepted, Fox's argument would mean that any plaintiff who voluntarily dismissed its complaint and refiled in another district would be subject to transfer back to the original district. This contravenes both the text and the purpose of Rule 41(a)(1).

### B.    Fox Exaggerates the Import of the Florida Ruling

Newsmax's complaint was on file in Florida for less than 48 hours. Fox's counsel did not file an appearance – let alone make any substantive filing. Fox argues that the alleged forum shopping overrides all other venue considerations and requires a transfer. Fox Mot. at 1, 5-10,

---

[1]Fox's insistence that Newsmax's initial filing in the Southern District of Florida is dispositive, *see*, *e.g.*, Fox Mot. at 1, is also at odds with *Research Automation, Inc. v. Schrader-Bridgeport International, Inc.*, 626 F.3d 973, 982 (7th Cir. 2010), which refused to apply a rigid rule in the analogous first-to-file context.

12. As an initial matter, Fox (at 1) exaggerates the Florida court's dismissal of Newsmax's initial complaint as an "adverse ruling" that Newsmax now seeks to avoid. In reality, that *sua sponte* dismissal (1) was without prejudice, (2) included leave to replead, (3) was based on a technical issue related to the formatting of the causes of action in Newsmax's complaint, (4) included instructions on how to correct this technical issue in a re-filed complaint, and (5) made no comment whatsoever on the merits of the case.

"[T]he lack of any unfavorable ruling" in a prior case "casts serious doubt on any allegation of forum-shopping." *Alul v. Am. Honda Motor Co., Inc.*, 2016 WL 7116934, at *3 (N.D. Cal. Dec. 7, 2016). That principle applies squarely here. The Southern District of Florida *sua sponte* dismissed Newsmax's complaint without prejudice one day after filing because each count incorporated all preceding allegations. *Newsmax Broad.*, 2025 WL 2553698, at *1; *see, e.g.*, Walsh Decl., Ex. A ¶ 87, Dkt. No. 11-1 ("Newsmax realleges and incorporates by reference the allegations in each of the preceding paragraphs as though fully set forth herein."). The court instructed Newsmax to amend its complaint so that later counts did not wholesale incorporate allegations from earlier counts. *Newsmax Broad.*, 2025 WL 2553698, at *1. "In other words, Counts I, II, III, IV, and V may incorporate the same factual allegations (paragraphs 1 through 78), but Counts II, III, IV, and V must not broadly incorporate the allegations of previous counts." *Id.*

The court's enforcement of this technical requirement does not constitute an "unfavorable ruling." The district court was obligated to give Newsmax at least "one chance to replead" and to "explain how the offending pleading violates the shotgun pleading rule so that" Newsmax "may properly avoid future shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). Dismissals for shotgun pleadings without prejudice are common in the

Eleventh Circuit. *See, e.g.*, *Lynch v. Bailey-Roka*, 2022 WL 20210727, at *1 (S.D. Fla. Oct. 3, 2022) (order dismissing shotgun pleading); *J.P. Morgan Sec. LLC v. Durham*, No. 25-cv-80605 (S.D. Fla. May 20, 2025), Dkt. No. 8 (same); *Knopman v. Target Corp.*, No. 23-cv-81389 (S.D. Fla. Oct. 17, 2023), Dkt. No. 4 (same); Fox Mot. at 2 (collecting cases).

### C.     Fox's Cases Set the Bar for Forum Shopping Far Higher Than the Facts Here

The dismissal order by the Southern District of Florida[2] bears no resemblance to findings of forum shopping in the cases that Fox invokes.[3] All of Fox's cases involve a plaintiff trying to escape material, substantive adverse rulings. For example, in *Gabet v. Amazon.com, Inc.*, 2022 WL 4078442 (N.D. Ind. Sep. 6, 2022), the court granted a § 1404(a) transfer motion on forum-shopping grounds when plaintiffs filed a third case in the Northern District of Indiana while still maintaining two related cases in which plaintiffs had been "fined $130,000.00 for repeated discovery abuses," were "prohibited from presenting evidence or argument at trial related to damages for failure to comply with a court order related to discovery," were subject to "*eight* motions to compel," and "received several adverse rulings on the merits." *Id.* at *4-5. Likewise, in *LegalForce, Inc. v. Legalzoom.com, Inc.*, 2018 WL 6179319 (C.D. Cal. Nov. 27, 2018), the

---

[2] Newsmax's thirty-page complaint was hardly the type of shotgun pleading "calculated to confuse the enemy and the court." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (cleaned up). As *Weiland* explained, incorporating prior allegations leads to problems only when it *"*materially increase[s] the burden of understanding the factual allegations underlying each count." *Id.* at 1324. As the Southern District of Florida recognized, the same factual allegations supported each count under the Sherman Act, their Florida counterparts, and the Florida Deceptive and Unfair Trade Practices Act.

[3] Fox's suggestion that Newsmax (or its counsel) chose Wisconsin only after Kellogg Hansen received a large fee award in a different antitrust settlement is a stretch. As Fox admits, the two cases are wholly unrelated, and the case in which the fee award issued had been ongoing since circa 2019. Kellogg Hansen has been fortunate to receive large fee awards in several other states, including Kansas, Florida, Illinois, California, and New York among others. Fox cannot seriously suggest that the firm engages in forum shopping each time it brings a new case in one of those jurisdictions.

court found judge shopping when plaintiffs refiled a new action after "numerous substantive orders" had been issued, including an adverse motion-to-dismiss ruling and denial of leave to file a Third Amended Complaint. *Id.* at *4; *see also Banga v. First USA, NA*, 2010 WL 727749 (E.D. Cal. Mar. 2, 2010) (refiling after plaintiff mistakenly voluntarily dismissed a defendant, attempted to reinstate a nonexistent defendant, and the court denied that request); *Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69, 70-71 (D.P.R. 2004) (refiling after the first court denied a motion for preliminary injunction); *Garcia v. FCA US, LLC,* 2020 WL 2711556, at *2 (E.D. Mich. May 26, 2020) (refiling in another circuit after appellate court issued unfavorable precedent).

Courts within this circuit have rejected accusations of forum shopping where no substantive advantage was gained. In *College Retirement Equities Fund v. Boeing Co.*, 2025 WL 1207313 (N.D. Ill. Apr. 25, 2025), plaintiffs sought to transfer their case to the Eastern District of Virginia and were accused of forum shopping. *Id.* at *5 n.4. But the movants explained that they were not forum shopping because they did "not gain any substantive legal advantage" by transferring the case – both the transferor and would-be transferee courts had considered the relevant facts to the complaints and allowed claims against the defendants to move forward. Pls.' Reply Mem. of L. in Further Support of Their Mot. to Transfer at 7, *Boeing*, No. 22-cv-03845 (N.D. Ill. filed Feb. 14, 2025), Dkt. No. 67. The court agreed that under such circumstances, a forum-shopping motive was "not so obvious." *Boeing*, 2025 WL 1207313, at *5 n.4.

Fox does not identify any substantive legal advantage that Newsmax could gain by proceeding in this Court rather than in the Southern District of Florida. None exists, and this

Court should give no weight to Fox's accusations of forum shopping.[4]

The remaining cases that Fox cites provide helpful guidance on the boundary between permissible use of Rule 41 and impermissible judge and forum shopping.[5] In *Dongguan Deego Trading Co. v. Junyao-US*, 2025 WL 2174325 (N.D. Ill. July 31, 2025), for example, plaintiff filed a concurrent second action in another district – plainly hoping to avoid a skeptical judge and find a more friendly forum. In short, plaintiff "join[ed] a score of seemingly unrelated defendants" in a patent infringement action in the Northern District of Illinois. *Id.* at *1. When the initial judge ordered supplemental briefing on whether all defendants were properly joined, plaintiff dismissed certain defendants and refiled against them in a concurrent second action in Pennsylvania, without making the second action related to the first as the original judge had ordered. *Id.* The original judge described the move as "blatant forum shopping" and a "regrettable staple" in patent cases in which plaintiffs dismiss defendants and refile until they can find a jurisdiction willing to allow the mass joinder against foreign defendants who rarely appear to defend themselves. *Id.* In *Rivera Cubano*, 341 F. Supp. 2d 69, the court likewise found

---

[4] Although Fox accuses Newsmax of forum shopping, its own request is an effort at judge shopping. Fox appears to want the initial judge more so than the original forum. Fox not only seeks transfer, but also that the case "be noted as related" to a closed action no longer pending before the Southern District of Florida, effectively steering the case back to the original judge. Fox Mot. at 12. But there is no pending suit in the Southern District of Florida. The District's Internal Operating Procedures limit related-case transfers to other actions "then pending," Internal Operating Procedures, IOP 2.15.00 (S.D. Fla. Feb. 1, 2024), https://perma.cc/2MAV-YWBB, and the court's civil cover sheet likewise references only "related pending cases," Civil Filing Requirements, Attach. D § VIII (S.D. Fla. Aug. 28, 2019), https://perma.cc/M5BP-MWVA.

[5] In *Emerson v. Toyota Motor N. Am., Inc.*, 2014 WL 6985183 (N.D. Cal. Dec. 9, 2014) the court was not asked to (and did not) consider the purpose or effect of a Rule 41(a)(1) dismissal. Class Action Pls.' Mem. of L. in Opp'n to Defs.' Mot. to Transfer Venue, *Emerson*, No. 14-cv-02842 (N.D. Cal. filed Oct. 7, 2014), Dkt. No. 24. In that case, the court also afforded little deference to plaintiff's choice of forum because the case was a class action. *Emerson* did not involve antitrust claims.

obvious judge shopping. There, plaintiffs voluntarily dismissed their case only after a judge

denied their motion for preliminary injunctive relief and a motion for reconsideration. *Id.* at 70.

After taking two substantive losses in succession, plaintiffs dismissed and then filed an identical

case (and request for preliminary injunctive relief) *in the same district*, thereby "abus[ing] the

Court's processes by using Rule 41 as a loophole to circumvent an unfavorable ruling." *Id.* at 71.

Finally, venue in this case is appropriate under the Clayton Act as discussed above

because Fox does business in the district and has caused harm here, unlike in *Boyer v. BNSF Ry.

Co.*, 824 F.3d 694, 709 (7th Cir. 2016). In *Boyer*, Wisconsin residents whose tort claims arose

entirely in Wisconsin attempted to refile in Arkansas after their Wisconsin action was dismissed

on the merits. *Id.* at 697-98. The Arkansas lawsuit "expressly invoked Wisconsin law as

controlling" and "set forth the same four claims under Wisconsin law" that plaintiffs had

previously asserted, even though the claims had "no tie whatsoever to Arkansas: none of the

plaintiffs lived or live there; the flood did not occur there; no evidence related to the flood is to

be found there; and [defendant] is neither headquartered in Arkansas nor maintains its principal

place of business there. . . . The one and only connection to Arkansas is that [defendant] owns

and maintains roughly 190 miles of track within Arkansas." *Id.* at 699, 709. In opposing

defendants' motion to transfer, plaintiffs were "exceedingly candid" in acknowledging that they

"were seeking a different court to re-examine claims that had met with rejection in the Western

District of Wisconsin and this Circuit." *Id.* at 699.

### D.    Transferring This Action Would Contravene the Purpose of the Clayton Act's Broad Venue Provisions to Encourage Private Enforcement

A plaintiff's choice of forum, which "should rarely be disturbed," carries special weight

in antitrust cases. *Nat'l Presto Indus.*, 347 F.3d at 664. Section 12 of the Clayton Act permits

"[a]ny suit, action, or proceeding under the antitrust laws against a corporation" to be "brought

not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business." 15 U.S.C. § 22. The Seventh Circuit interprets "transacts business" broadly, recognizing that the purpose of the language of Section 12 is "to liberalize the restrictive venue provision in Section 7 of the Sherman Act." *Tiger Trash v. Browning-Ferris Indus., Inc.*, 560 F.2d 818, 824 (7th Cir. 1977); *see also ABC Great States, Inc. v. Globe Ticket Co.*, 304 F. Supp. 1052, 1054 (N.D. Ill. 1969) (recognizing that the Clayton Act's special venue provision helps "facilitate the prosecution of antitrust actions").

Consistent with that policy, district courts have long acknowledged "the venue privilege afforded plaintiffs by the anti-trust laws." *Ferguson v. Ford Motor Co.*, 89 F. Supp. 45, 51 (S.D.N.Y. 1950) (giving weight to the plaintiff's choice of forum due to the nature of the action); *see also Ford Motor Co. v. Ryan*, 182 F.2d 329, 331 (2d Cir. 1950) (same). Accordingly, a movant's burden of establishing transfer "is especially heavy in antitrust suits, where plaintiff's choice of forum is entitled to particular respect." *Star Lines, Ltd. v. Puerto Rico Maritime Auth.*, 442 F. Supp. 1201, 1207 (S.D.N.Y. 1978); *see also Weather Tec*, 2013 WL 12129620, at *4 (same); *SBC Commc'ns*, 331 F. Supp. 2d at 572 (granting additional deference to plaintiff's choice "especially in light" of the Clayton Act's venue privilege); *Imation*, 2002 U.S. Dist. LEXIS 4034, at *19 (same); *Sunshine Cellular v. Vanguard Cellular Sys., Inc.*, 810 F. Supp. 486, 501 n.11 (S.D.N.Y. 1992) (same); *Cont'l Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992) (same); *Tex. Utils. Co. v. Santa Fe Indus., Inc.*, 553 F. Supp. 106, 109 (N.D. Tex. 1982) (same); *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 500 (C.D. Cal. 1981) (same).

Section 1404(a) "does not undermine the policies which motivated Congress to grant the [antitrust venue] privilege, nor does it deprive plaintiffs of an opportunity to prove their case in a

place where proof is available." *Ferguson*, 89 F. Supp. at 51. An antitrust plaintiff does not engage in impermissible "forum [shopping]" when the defendant "has a substantial business connection" to the forum, particularly when, as here, the violations charged are "nation-wide in scope and impact." *United States v. Scott & Williams, Inc.*, 88 F. Supp. 531, 535 (S.D.N.Y. 1950). To easily grant § 1404(a) transfers in antitrust suits would in practice nullify the Clayton Act's special venue provisions. *Id.*; *see also Lanier Bus. Prods. v. Graymar Co.*, 355 F. Supp. 524, 528 (D. Md. 1973) ("[W]hile a transfer of an antitrust action is permissible, the Congressional decision that claimants be given a wide choice of forum in antitrust cases implies that where the choice is within reasonable limits, it should not be disturbed.") (citations omitted).

Both Newsmax and Fox conduct substantial business in the Western District of Wisconsin, including carriage agreements that "cover hundreds of thousands of subscribers, involve millions of dollars in carriage fees, and impact intrastate advertising markets." *See* Compl. ¶¶ 6, 14-16, 112. Newsmax suffered antitrust injury in the Western District of Wisconsin. *See* Compl. ¶¶ 79-80. Section 12 ensures that plaintiffs like Newsmax may pursue antitrust claims in any district where they sustain such injury, reflecting Congress's determination that broad, nationwide venue is necessary to foster robust private enforcement.

Fox "transacts business" in the Western District of Wisconsin under Section 12 of the Clayton Act. It licenses the Fox News Channel and other programming for distribution to MVPD and vMVPD subscribers located in Wisconsin, including hundreds of thousands of subscribers in the Western District. Compl. ¶¶ 14-15. It maintains affiliation agreements with several local stations across Wisconsin and the Western District in particular including WLAX (La Crosse), WEUX (Chippewa Falls), WMSN-TV (Madison), and WZAW-LD (Wausau). *Id.* And it owns and operates Fox6 News Milwaukee, WITI-TV, with offices and studios in Wisconsin. *Id.*

The alleged restraints are implemented through carriage agreements with distributors serving this district, causing supracompetitive prices, reduced output, and diminished choice for consumers in the Western District of Wisconsin – injuries that are felt locally.

### E.    Other Interest-of-Justice Factors Support Denial of Transfer

None of the interest-of-justice factors weigh towards transfer. "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," including time to trial, "familiarity with the relevant law," "the respective desirability of resolving the claims in each court," and "the relationship of each community to the controversy." *Ashley Furniture*, 275 F. Supp. 3d at 967. Fox does not even attempt to argue that transfer would result in a speedier disposition, that the Southern District of Florida is more familiar with antitrust law than this Court, or that consumers in Florida are more closely connected to this action than consumers in Wisconsin.

Fox concedes that the complaint in this action is not a carbon copy of the initial complaint filed in Florida. This complaint introduces detailed allegations of unlawful block-booking, includes claims under Wisconsin's Antitrust Act, and directly ties the anticompetitive harms to Wisconsin and its consumers. These are not cosmetic tweaks. They are substantive changes that alter the nature of the suit and reflect Newsmax's right – and the Clayton Act's design – to enforce federal antitrust laws where anticompetitive harms are felt and invoke the state-specific antitrust protections of the injured jurisdiction.

## II.    LITIGATING IN FLORIDA IS NOT CLEARLY MORE CONVENIENT.

Fox devotes only two pages to convenience. Those pages fall well short of demonstrating that Florida is "clearly more convenient." *Coffey*, 796 F.2d at 220. This factor, too, weighs against transfer.

Newsmax alleges local, regional, and nationwide anticompetitive agreements by Fox.

The document discovery is not tied to a specific geography. And even if it turns out that most of the documents will come from Fox servers in New York, "technological advancements have diminished traditional concerns related to ease of access to sources of proof and the cost of obtaining attendance of witnesses." *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 2011 WL 13210037, at *3 (W.D. Wis. Dec. 21, 2011). Likewise, the location of employee witnesses "is not a heavily weighted factor because 'witnesses within the control of the party calling them, such as employees, will appear voluntarily.' " *Id.*; *see also Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) ("Easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas."). What was true in *Elite Erectors* and *Auto-Owners Insurance* in 2000 and 2011 is even more true in 2025. In any event, to the extent Fox's witnesses are located in New York, Madison is more accessible than Miami.[6] To the extent they are not, Fox's (and Newsmax's) witnesses "will be inconvenienced regardless of the forum because they are located in various parts of the country." *Ashley Furniture*, 275 F. Supp. 3d at 967.[7]

    "[T]he convenience of witnesses who are within a party's control . . . is far less important than the convenience of non-party witnesses." *AL & PO Corp. v. Am. Healthcare Cap., Inc.*,

---

[6] Madison is about 2.5 hours by plane from New York, but about 3 hours from Miami. *Compare* Decl. of Michael J. Guzman in Support of Pl.'s Opp'n to Defs.' Mot. to Transfer Venue ("Guzman Decl."), Ex. 1 (filed Oct. 14, 2025) (Round trip flight durations and fares from New York to Miami) (3 hour direct flight from New York to Miami), *with* Guzman Decl., Ex. 2 (Round trip flight durations and fares from New York to Madison) (2.5 hour direct flight from New York to Madison).

[7] Newsmax's prior enforcement of an arbitration clause, *see* Fox Mot. at 11; Walsh Decl., Ex. D, does not affect this analysis.

2015 U.S. Dist. LEXIS 19922, at *11 (N.D. Ill. Feb. 19, 2015). This factor favors Wisconsin. This litigation will likely involve testimony from nonparties such as DISH/Sling TV, headquartered in Colorado and with offices throughout Colorado and in Phoenix, Arizona;[8] Tubi, headquartered in San Francisco and with offices in Chicago, Los Angeles, New York, and Beijing;[9] One America News Network, headquartered in San Diego and with news bureaus in Washington, D.C. and California;[10] Mediacom, headquartered in New York and with offices in at least ten states;[11] FuboTV, headquartered in New York;[12] and Hulu+, headquartered in Los Angeles and with offices in at least seven states.[13] Much of the critical evidence in this case, such as Fox's carriage agreements and the negotiations surrounding those agreements, will come from these nonparties and their witnesses, who are scattered across the country. A centrally located forum like Wisconsin is far more convenient for nonparties than the southeastern corner of the United States.

Nor has Fox established that any other convenience factors point to Florida. To the extent this Court considers "the situs of material events" or "relative ease of access to sources of proof" as distinct factors, *Esposito v. Airbnb Action LLC*, 538 F. Supp. 3d 844, 847 (N.D. Ill. 2020), Fox has not shown that either favors the Southern District of Florida. Where, as here, a plaintiff is

---

[8] *See* Guzman Decl., Ex. 3 (DISH Networks's *Contact* webpage)*; see also id.*, Ex. 4 (Craft Co. *DISH Network – Locations* webpage).

[9] *See id.*, Ex. 5 (TubiTV's *Contact* webpage).

[10] *See id.*, Ex. 6 (One America News's *About* webpage); *see also id.*, Ex. 7 (Cision PR Newswire article regarding One America News).

[11] *See id.*, Ex. 8 (Mediacom's *Area Locations* webpage).

[12] *See id.*, Ex. 9 (FuboTV's *Contact* webpage).

[13] *See, e.g.*, Compl. ¶ 5, *1st Tech., LLC v. Hulu*, No. 12-cv-09029 (N.D. Ill. filed Nov. 9, 2012), Dkt. No. 1; *see also* Guzman Decl., Ex. 10 (Indeed.com's listing of Hulu's office locations).

injured nationwide, the "situs of material events" does not tilt towards either forum. *Sunbeam Prods., Inc. v. Homedics, Inc.*, 587 F. Supp. 2d 1055, 1057 (W.D. Wis. 2008). And even if more documents are present in the Southern District of Florida than in Wisconsin, those materials "easily can be transported between the two districts" electronically. *Id.* Neither factor suggests that it is clearly more convenient to litigate in the Southern District of Florida than in this district.

## CONCLUSION

For the foregoing reasons, this Court should deny Fox's motion to transfer.

Dated: October 14, 2025                    Respectfully submitted,

                                           *s/ Jennifer L. Gregor*
                                           Jennifer L. Gregor
                                           **GODFREY & KAHN, S.C.**
                                           One East Main Street, Suite 500
                                           Madison, WI 53703
                                           Phone: (608) 257-3911
                                           jgregor@gklaw.com

                                           Michael J. Guzman (*pro hac vice*)
                                           **KELLOGG, HANSEN, TODD,**
                                           **FIGEL & FREDERICK, P.L.L.C.**
                                           Sumner Square
                                           1615 M Street, N.W., Suite 400
                                           Washington, D.C. 20036
                                           Phone: (202) 326-7910
                                           mguzman@kelloghansen.com

                                           *Attorneys for Plaintiff Newsmax Broadcasting, LLC*

37271379

18