# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

NEWSMAX BROADCASTING, LLC,

       *Plaintiff*

    v.

FOX CORPORATION AND FOX NEWS NETWORK, LLC,

       *Defendants*.

No. 3:25-cv-770

Hon. William M. Conley

## DEFENDANTS' REPLY IN SUPPORT OF
## <u>DEFENDANTS' MOTION TO TRANSFER VENUE</u>

Bradley J. Bondi
Michael F. Murray
Benjamin W. Snyder
Ronald K. Anguas

Ryan J. Walsh

**PAUL HASTINGS LLP**
2050 M Street NW
Washington, DC 20036
Telephone: 202.551.1700
bradbondi@paulhastings.com
michaelmurray@paulhastings.com
bensnyder@paulhastings.com
ronaldanguas@paulhastings.com

**EIMER STAHL LLP**
10 East Doty Street
Suite 621
Madison, WI 53703
Telephone: 608.620.8346
rwalsh@eimerstahl.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

INTRODUCTION ....................................................................................................... 1

ARGUMENT ............................................................................................................... 2

I.     The Case Already Has Been Filed in the Southern District of Florida, Which Is the Proper Venue. ............................................................................ 2

II.    The Section 1404(a) Factors Strongly Favor Transfer to the Southern District of Florida. ..................................................................................... 3

      A.    The Interest of Justice Overwhelmingly Favors Transfer Because of Newsmax's Undeniable Forum Shopping. ............................................. 3

      B.    The Other Section 1404(a) Factors also Favor Transfer. ......................... 9

III.    The Court Should Reject Newsmax's Argument that Rule 41(a)(1) Gives Newsmax an "Absolute Right" To Judge and Forum Shop. ............................ 13

CONCLUSION ......................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**                                                      **Page(s)**

*Albra v. Moody*,
No. 19-cv-62677, 2019 WL 13549179 (S.D. Fla. Nov. 19, 2019) ............................................5

*Alvarado v. Bank of Am.*,
No. 5:08-cv-2862, 2009 WL 720875 (E.D. Cal. Mar. 17, 2009)...........................................4, 6

*Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*,
953 F.3d 707 (11th Cir. 2020) ................................................................................................5

*Banga v. First USA, NA*,
No. 9-cv-2268, 2010 WL 727749 (E.D. Cal. Mar. 2, 2010)...................................................14

*Barmapov v. Amuial*,
986 F.3d 1321 (11th Cir. 2021) ..............................................................................................5

*Barragan v. Clarity Servs.*,
No. 2:20-cv-876, 2021 WL 1226537 (D. Nev. Mar. 31, 2021) .................................4, 6, 7, 13

*Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*,
212 F.3d 1031 (7th Cir. 2000) ..............................................................................................11

*Bechuck v. Home Depot U.S.A., Inc.*,
814 F.3d 287 (5th Cir. 2016) .....................................................................................7, 13, 17

*Boyer v. BNSF Ry. Co.*,
824 F.3d 694 (7th Cir. 2016) ..........................................................................................11, 12

*Carter v. Baldwin*,
No. 17-cv-3690, 2017 WL 3310976 (N.D. Ill. Aug. 3, 2017) ...............................................12

*CFE Grp., LLC v. FirstMerit Bank, N.A.*,
809 F.3d 346 (7th Cir. 2016) ................................................................................................17

*Coffey v. Van Dorn Iron Works*,
796 F.2d 217 (7th Cir. 1986) .............................................................................................3, 9

*Coll. Ret. Equities Fund v. Boeing*,
No. 22-cv-3845, 2025 WL 1207313 (N.D. Ill. Apr. 25, 2025)...........................................6, 15

*Dale v. Deutsche Telekom AG*,
No. 22-cv-3189, 2022 WL 6123365 (N.D. Ill. Oct. 7, 2022) ................................................11

*Dunn v. Soo Line R.R. Co.*,
864 F. Supp. 64 (N.D. Ill. 1994) ...........................................................................................12

*Emerson v. Toyota Motor N. Am., Inc.*,
No. 2:14-cv-4543, 2014 WL 6985183 (N.D. Cal. Dec. 9. 2014) ......................6, 14

*Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc.*,
512 F. Supp. 2d 1169 (W.D. Wis. 2007) ...................................................8

*Gabet v. Amazon.com, Inc.*,
No. 2:19-cv-35, 2022 WL 4078442 (N.D. Ind. Sept. 6, 2022) ..........................8, 12

*Garcia v. FCA US, LLC*,
No. 2:19-cv-12750, 2020 WL 2711556 (E.D. Mich. May 26,2020) ......................14

*Hoffman v. Blaski*,
363 U.S. 335 (1960) .................................................................2

*In re Extended Stay Hotel Antitrust Litig.*, No. 24-cv-6324, 2024 WL 5089159
(N.D. Ill. Dec. 12, 2024) ...........................................................11

*LegalForce, Inc. v. LegalZoom.com, Inc.*,
No 2:18-cv-6147, 2018 WL 6179319 (C.D. Cal. Nov. 27, 2018) ........................3, 8

*Liggett Grp. Inc. v. R.J. Reynolds Tobacco Co.*,
102 F. Supp. 2d 518 (D.N.J. 2000) ...................................................7

*McDonough v. City of Homestead*,
771 F. App'x 952 (11th Cir. 2019) (per curiam) ......................................5

*Mitchell v. Deutsche Bank Nat'l Tr. Co.*,
No. 15-cv-1307, 2015 WL 12867746 (C.D. Cal. Oct. 29, 2015) ..........................8

*Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n*,
891 F.2d 1473 (10th Cir. 1989) ......................................................8

*N. Brevard Cnty. Hosp. Dist. v. C.R. Bard, Inc.*,
648 F. Supp. 3d 401 (N.D.N.Y. 2022) ................................................7

*Nat'l Treasury Emps. Union v. I.R.S.*,
765 F.2d 1174 (D.C. Cir. 1985) ......................................................4

*Piper Jaffray & Co. v. Severini*,
443 F. Supp. 2d 1016 (W.D. Wis. 2006) ...............................................16

*Polaroid Corp. v. Casselman*,
213 F. Supp. 379 (S.D.N.Y. 1962) ...................................................12

*Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*,
626 F.3d 973 (7th Cir. 2010) ....................................................2, 3, 9

*Smith v. Mt. Sinai Hosp.*,
  No. 84-cv-9111-CSH, 1985 WL 561 (S.D.N.Y. Apr. 22, 2985),
  *aff'd*, 856 F.2d 1461 (2d Cir. 1987) ................................................................4

*Smith v. Potter*,
  513 F.3d 781 (7th Cir. 2008) ..........................................................................16

*B.S. ex rel. Soderberg v. Forest Lab'ys, Inc.*,
  No. 2:15-cv-4002, 2015 WL 4135508 (W.D. Mo. July 8, 2015) .............................4

*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988) ...........................................................................................2

*Untershine v. Encore Receivable Mgmt., Inc.*,
  No. 18-cv-1484, 2019 WL 3766564 (E.D. Wis. Aug. 9, 2019) .......................13, 14

*Valspar Corp. v. Kronos Worldwide, Inc.*,
  50 F. Supp. 3d 1152 (D. Minn. 2014) ...............................................................7

*Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*,
  341 F. Supp. 2d 69 (D.P.R. 2004) ...................................................................14

*Vital Pharms., Inc. v. Monster Energy Co.*,
  No. 20-cv-1127, 2020 WL 6162796 (C.D. Cal. Aug. 27, 2020) ..........................12

*Vu v. Ortho-McNeil Pharm, Inc.*,
  602 F. Supp. 2d 1151 (C.D. Cal. 2009) ............................................................12

*Wilson v. City of San Jose*,
  111 F.3d 688 (9th Cir. 1997) ...........................................................................17

*Winterland Concessions Co. v Smith*,
  706 F.2d 793 (7th Cir. 1983) ...........................................................................16

*Wireless Consumers All., Inc. v. T-Mobile USA, Inc.*,
  No. 3-cv-3711, 2003 WL 22387598 (N.D. Cal. Oct. 14, 2003) ............................9

**Statutes**

15 U.S.C. § 15 ................................................................................................10

15 U.S.C. § 26 ................................................................................................10

28 U.S.C. § 1404 ............................................................................................11

28 U.S.C. § 1404(a) ...............................................................................*passim*

Clayton Act .............................................................................................7, 8, 11

**Rules**

E.D. Wis. Civ. R. 41 ..............................................................................................2, 13

E.D. Wis. Civ. R. 41(e) .................................................................................................13

Fed. R. Civ. P. 41(a) .......................................................................................... *passim*

**Other Authorities**

Directflights.com, *Direct flights from Madison*,
    https://www.directflights.com/MSN/.........................................................................10

Directflights.com, *Direct flights from Miami (MIA)*,
    https://www.directflights.com/MIA/..........................................................................10

Flightsfrom.com, *Direct (non-stop) flights from New York to Madison*,
    https://www.flightsfrom.com/LGA-MSN/ ..................................................................10

Flightsfrom.com, *Direct (non-stop) flights from New York to Miami*,
    https://www.flightsfrom.com/JFK-MIA/ ....................................................................10

Flightsfrom.com, *Direct (non-stop) flights from New York to Miami*,
    https://www.flightsfrom.com/LGA-MIA/ ...................................................................10

Miami International Airport, *Airport Statistics*,
    https://www.miami-airport.com/airport_stats.asp/ ....................................................10

## INTRODUCTION

What is most telling about Newsmax's opposition brief is what it does not say. Nowhere in the eighteen pages arguing that the Court should not transfer this case back to the Southern District of Florida—where Newsmax originally filed it—does Newsmax deny that it engaged in judge and forum shopping. Instead, it boldly declares that its dismissal under Rule 41(a) "permits forum shopping." Dkt. 23 at 6. And nowhere does Newsmax offer any other reason to explain why it abruptly dismissed its complaint in Florida after an adverse ruling only to refile it in this District. Newsmax's silence speaks volumes. It plainly sought out a different forum because it did not want to litigate before Judge Cannon after she dismissed Newsmax's pleading.

Newsmax's efforts to minimize Judge Cannon's order as if it were not a "substantive adverse ruling" are not credible. A *sua sponte* dismissal of a freshly filed, thirty-page complaint on the ground that it fails to comply with well-established Eleventh Circuit law governing the pleading standard is a substantive adverse ruling with which no plaintiff could be pleased. Newsmax also tries to minimize the import of its counsel recently having been awarded $185 million in attorneys' fees in an antitrust case in this District, while not denying that it chose this District for that reason. *See, e.g.*, Dkt. 23 at 9 n.3. Considering the undeniable facts surrounding both Newmax's dismissal in Florida and the refiling here in a district with very few ties to either party, Newsmax's judge and forum shopping are obvious and egregious.

The Court should reject Newsmax's attempt to justify its actions by asserting, wrongly, that it has an "absolute right" to switch forums under Rule 41(a)(1). That rule merely gives a plaintiff a right to dismiss its own complaint under certain circumstances; it does not, even by implication, give a plaintiff a right to remain in its most recent forum of choice. Put simply by Rule 41 of the Civil Rules of the Eastern District of Wisconsin, "[n]o party or attorney may dismiss

and refile an action for the purpose of obtaining a different judge." E.D. Wis. Civ. R. 41. Newsmax is asking the Court to pretend that Rule 41(a)(1) exists in a vacuum, but it does not. As Fox explained in its motion, when considering a Section 1404(a) motion to transfer, "the interest of justice"—including the public interest in deterring judge and forum shopping—"may be determinative." Dkt. 10 at 4; *see Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988); *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). There is no exception in the Section 1404(a) analysis, as Newsmax would have the Court believe, for instances where a party has voluntarily dismissed a pending action pursuant to Rule 41(a)(1). Here, the interest of justice in preventing judge and forum shopping is the determinative factor that necessitates transferring this case back to Florida, a proper venue with far more ties to the parties and witnesses.

## ARGUMENT

Determination of a motion to transfer involves a two step-analysis (*see* Mot. at 4) that Newsmax simply ignores (*see* Dkt. 23 at 3–4). First, a court determines whether the action could have been brought in the transferee district. *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). Second, a court undertakes a "flexible and individualized analysis" of "the interest of justice" and "convenience." *Rsch. Automation, Inc.*, 626 F.3d at 977–78. At that second step, "[t]he interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.* at 978.

## I.    The Case Already Has Been Filed in the Southern District of Florida, Which Is the Proper Venue.

Newsmax does not dispute that its suit could have been brought in the Southern District of Florida, its home jurisdiction and its original chosen forum. Indeed, it would be impossible for

Newsmax to argue that this factor does not weigh in favor of transferring the case back to Florida, given that Newsmax already brought the case in Florida.

## II.    The Section 1404(a) Factors Strongly Favor Transfer to the Southern District of Florida.

The next step in the Court's Section 1404(a) analysis is to balance the various case-specific factors bearing on the interest of justice and the convenience of the parties. "The 'interest of justice' is a separate component of a § 1404(a) transfer analysis . . . and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986) (citations omitted). Here, because transfer is necessary to address judge and forum shopping, the interest of justice is "determinative." *Id.*; *Rsch. Automation*, 626 F.3d at 978.[1]

### A. The Interest of Justice Overwhelmingly Favors Transfer Because of Newsmax's Undeniable Forum Shopping.

Newsmax's opposition conspicuously lacks any actual denial that Newsmax was attempting to judge or forum shop and is also silent on why Newsmax dismissed the Florida complaint and re-filed in this District. Newsmax's failure to explain itself is itself a strong indicium of judge and forum shopping. *See LegalForce, Inc. v. LegalZoom.com, Inc.*, No 2:18-cv-6147, 2018 WL 6179319, at *5 (C.D. Cal. Nov. 27, 2018) (inferring plaintiffs were engaging in judge shopping when their "only basis for dismissing and refiling in this district is speculation"

---

[1] To the extent Newsmax attempts to distinguish the Seventh Circuit's decision in *Research Automation* based on the "first-to-file" rule, that attempt fails. *See* Dkt. 23 at 7 n.1. That portion of *Research Automation* is irrelevant because this case is not about "two parties [who] file identical lawsuits, each a mirror-image of the other, in different federal districts." *Rsch. Automation*, 626 F.3d at 975, 979–82. Instead, *Research Automation* is relevant here because it affirms the well-established principle in the Seventh Circuit that courts may transfer in the interest of justice to curb forum or judge shopping, even where other factors under Section 1404(a) indicate otherwise. *See id.* at 978, 979 n.2; *see also Coffey*, 796 F.2d at 220.

that the former judge "did not wish for this case to come before her"); *B.S. ex rel. Soderberg v. Forest Lab'ys, Inc.,* No. 2:15-cv-4002, 2015 WL 4135508, at *2 (W.D. Mo. July 8, 2015) (holding that plaintiffs' "lack of specificity" and "failure to identify why the . . . proceedings already occurring" were insufficient "suggest that Plaintiffs are [] motivated by forum shopping").

Even if Newsmax had denied that it was judge and forum shopping, its denial would be implausible given that courts look to a plaintiff's entire course of conduct to assess judge or forum shopping. *See, e.g.*, *Smith v. Mt. Sinai Hosp.*, No. 84-cv-9111-CSH, 1985 WL 561, at *1–2 (S.D.N.Y. Apr. 22, 1985), *aff'd*, 856 F.2d 1461 (2d Cir. 1987) (finding a prima facie case of judge shopping, despite plaintiff's denial, when plaintiff voluntarily dismissed and re-filed the case in a new jurisdiction); *Alvarado v. Bank of Am.*, No. 5:08-cv-2862, 2009 WL 720875, at *3 (E.D. Cal. Mar. 17, 2009) (finding judge shopping when plaintiff dismissed suit two days after judge recused herself and plaintiff subsequently re-filed in another district); *Barragan v. Clarity Servs.*, No. 2:20-cv-876, 2021 WL 1226537, at *7–8 (D. Nev. Mar. 31, 2021) (inferring judge shopping when party dismissed under Rule 41(a)(1) after judge assignment and re-filed days later without justification). Here, Newsmax voluntarily dismissed its suit in Florida, its home jurisdiction, to re-file in a forum that has no specific connection to the parties or Newsmax's claims. Even setting aside Newsmax's counsel's recent fee award, dismissing and re-filing a suit in a jurisdiction with no particular ties to the parties or suit *in itself* indicates judge or forum shopping. *See, e.g., Nat'l Treasury Emps. Union v. I.R.S.*, 765 F.2d 1174, 1177 n.5 (D.C. Cir. 1985) ("The semblance of judge shopping" is "a concern when a litigant discontinues a fray, only to start over again on another day.").

While being careful not to deny what it did, Newsmax makes (meritless) arguments about why the Court should not *find* that it was engaged in judge and forum shopping. The Court should reject each of Newsmax's arguments.

*First*, Newsmax makes the remarkable argument that "Newsmax did not refile in this district to escape a substantive adverse ruling in Florida (there was none)." Dkt. 23 at 1; *see also id.* at 8. A dismissal is inherently an adverse ruling—and it increased the likelihood Newsmax would lose the entire case. In the Eleventh Circuit, "a district court is *required* to give a counseled plaintiff *only one chance to replead* before dismissing a complaint with prejudice on shotgun-pleading grounds." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020) (emphasis added); *see McDonough v. City of Homestead*, 771 F. App'x 952, 956 (11th Cir. 2019) (per curiam) (affirming district court's dismissal of amended complaint with prejudice after initial dismissal without prejudice based on shotgun pleading rule); *Albra v. Moody*, No. 19-cv-62677, 2019 WL 13549179, at *3 n.2, 4 (S.D. Fla. Nov. 19, 2019) (dismissing complaint with prejudice after plaintiff failed to correct shotgun pleading deficiencies following initial dismissal without prejudice). Indeed, Judge Cannon gave Newsmax a chance to replead within a week but warned that "[f]ailure to comply with this Order may result in dismissal of the case without further notice." Dkt. 11-2 at 2. Newsmax minimizes the impact of Judge Cannon's Order, but there is no question that the Order is a ruling that Newsmax's complaint was defective under the Eleventh Circuit's binding interpretation of Rule 8. *See, e.g.*, *Auto. Alignment*, 953 F.3d at 732 (explaining that shotgun pleadings "violate the requirement that a plaintiff provide 'a short and plain statement of the claim'") (quoting Fed. R. Civ. P. 8(a)(2)). And at the very least, Newsmax must have been concerned that it had already lost substantial credibility with Judge Cannon. The Eleventh Circuit has chastised lawyers for violating the shotgun pleading rule, which has been in place for 40 years and aims to curb the "very real costs on courts, lawyers and the rights of litigants" imposed by "slapdash complaints." *Barmapov v. Amuial*, 986 F.3d 1321, 1332 (11th Cir. 2021) (Tjoflat, J., concurring).

*Second*, Newsmax argues, incorrectly, that Fox asks the Court to set too high of a bar on forum shopping.  Newsmax tries to distinguish the cases Fox cites in its motion based on Newsmax's implausible argument that Judge Cannon's *sua sponte* dismissal of its complaint was not a "material, substantive adverse ruling[]." Dkt. 23 at 9.  It was, as discussed above, but also it is well established that judge or forum shopping is inappropriate even if it does *not* occur in response to a substantive adverse ruling.  *See, e.g.*, *Emerson v. Toyota Motor N. Am., Inc.*, No. 2:14-cv-4543, 2014 WL 6985183, at *3–4 (N.D. Cal. Dec. 9. 2014) (granting defendants' motion to transfer based on plaintiff's immediate dismissal after judicial assignment followed by immediate re-filing in that district, which suggested judge shopping); *Barragan*, 2021 WL 1226537, at *7–8 (same); *Alvarado*, 2009 WL 720875, at *3 (finding judge shopping when plaintiff dismissed suit two days after case reassignment and then refiled in a new jurisdiction). Newsmax's reliance on *Boeing* is misplaced because, there, the court determined based on the facts of the case that the plaintiff's forum shopping "motive is not so obvious." *Coll. Ret. Equities Fund v. Boeing*, No. 22-cv-3845, 2025 WL 1207313, at *5 n.4, (N.D. Ill. Apr. 25, 2025).  The plaintiff in *Boeing* proffered reasons for requesting transfer from Illinois to Virginia, including that Boeing's global headquarters are located in the Eastern District of Virginia and transfer to Virginia would permit coordinated discovery with other pending cases. *Id.* at *2–4.  Newsmax, by contrast, offers absolutely no reason whatsoever for refiling in this District.

*Third*, Newsmax attempts to minimize the relevance of Kellogg Hansen's recent award of $185 million in attorneys' fees from an antitrust case in this District by asserting that "Fox cannot seriously suggest that the firm engages in forum shopping each time it brings a new case" in Kansas, Florida, Illinois, California, or New York, which Newsmax boasts are jurisdictions in which

Kellogg Hansen has received "large fee awards."[2]  Dkt. 23 at 9 n.3.  That strawman argument is not what Fox is suggesting and misses the point.  Fox's point is that it is undeniable (and, in fact, undenied) that Newsmax chose to leave Florida, after having its complaint dismissed under Eleventh Circuit pleading requirements, to refile its antitrust case in this District after its counsel, *ten days prior*, had received an award of $185 million in attorneys' fees in an antitrust case in this District.  Maneuvering to avoid a judge that issued an adverse ruling to try to obtain a more favorable forum is quintessential judge and forum shopping.[3]

*Finally*, Newsmax argues that venue is appropriate here under the Clayton Act.  That is irrelevant.  Newsmax cannot (and does not) contend that the Clayton Act overrides Section 1404(a) or permits judge and forum shopping.  To the contrary, many courts have granted motions to transfer under Section 1404(a) in antitrust cases based on a lawsuit's lack of unique connection to the forum.  *See, e.g.*, *N. Brevard Cnty. Hosp. Dist. v. C.R. Bard, Inc.*, 648 F. Supp. 3d 401, 421–22 (N.D.N.Y. 2022) (granting transfer in antitrust action based in part on finding of forum shopping); *Liggett Grp. Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 529–32 (D.N.J. 2000) (granting transfer of antitrust case when "operative facts for this litigation are not centered in New Jersey"); *Valspar Corp. v. Kronos Worldwide, Inc.*, 50 F. Supp. 3d 1152, 1157

---

[2] Newsmax does not assert that Kellogg Hansen has ever received a fee award in any litigation, let alone in a recent antitrust case, that matches or exceeds $185 million, and Fox has not located any such award based on its search of publicly available information.

[3] Newsmax is wrong to accuse Fox of judge shopping because Fox requests that this case be noted as related if it is transferred back to Florida.  *See* Dkt. 23 at 11 n.4.  As other courts have recognized, reassignment to the original judge may be necessary to preclude judge and forum shopping. *See, e.g.*, *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 293 n.7 (5th Cir. 2016) (contemplating that district courts could "adopt a rule requiring that a re-filed action be assigned to the original judge" as one of the "mechanisms to prevent forum-shopping"); *Barragan v. Clarity Servs., Inc.*, No. 22-cv-876, 2021 WL 1226537, at *7 (D. Nev. Mar. 31, 2021) (noting, in the context of discussing judge shopping, "'attempts to manipulate the random case assignment process are subject to universal condemnation'") (quoting *Disability Advoc. & Counseling Grp., Inc. v. Betancourt*, 379 F. Supp. 2d 1343, 1364 (S.D. Fla. 2005)).

(D. Minn. 2014) (granting transfer of antitrust suit under Section 1404(a) when "there is no apparent Minnesota connection to the underlying claims"). In any event, the Clayton Act's venue provision is "not limitless." *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n*, 891 F.2d 1473, 1478 (10th Cir. 1989) (quoting *United States v. Nat'l City Lines, Inc.*, 334 U.S. 573, 588 (1948)). "Congress took care not to grant antitrust 'plaintiffs the power to bring suit and force trial in districts far removed from the places where the company was incorporated, had its headquarters, or carried on its business.'" *Id.* (quoting *Nat'l City Lines*, 334 U.S. at 588). "Congress was not willing to give plaintiffs free rein to haul defendants hither and yon at their caprice." *Id.* (quoting *Nat'l City Lines*, 334 U.S. at 588).

Because Newsmax's undeniable judge and forum shopping impugns the integrity of the judicial system, the interest of justice factor under Section 1404(a) is determinative; this Court should transfer this action back to Florida. *See, e.g.*, *LegalForce, Inc.*, 2018 WL 6179319, at *5 (determining transfer was appropriate when the underlying facts indicated that the plaintiffs "abused the judicial process by judge-shopping"); *Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F. Supp. 2d 1169, 1176–77 (W.D. Wis. 2007) (concluding "the interests of justice factor is determinative" because "transfer would stop [the] plaintiff's forum shopping"); *Gabet v. Amazon.com, Inc.*, No. 2:19-cv-35, 2022 WL 4078442, at *6 (N.D. Ind. Sept. 6, 2022) ("Because the Court finds obvious forum-shopping, transfer is appropriate regardless of any other considerations."); *Mitchell v. Deutsche Bank Nat'l Tr. Co.*, No. 15-cv-1307, 2015 WL 12867746, at *3 (C.D. Cal. Oct. 29, 2015) ("[F]orum-shopping concerns strongly suggest that the interests of justice will be served by transfer.").

**B.  The Other Section 1404(a) Factors also Favor Transfer.**

Although the interest of justice factor is dispositive, the other Section 1404(a) factors also favor transfer.  *See* Dkt. 10 at 10–12.  Newsmax's response is misleading with respect to both its analysis of convenience and deference to plaintiff's choice of forum.

Newsmax misleads the Court with respect to the Seventh Circuit standard for assessing convenience in the Section 1404(a) analysis.  Newsmax cherry-picks a quotation from the Seventh Circuit's decision in *Coffey* to maintain that "the moving party bears the burden of establishing that the transferee forum is 'clearly more convenient,'" without any qualification.  Dkt. 23 at 4 (quoting *Coffey*, 796 F.2d at 220); *see also* Dkt. 23 at 15 (quoting *Coffey*, 796 F.2d at 220).  In fact, in *Coffey*, the Seventh Circuit explained that "the 'interest of justice' is a *separate component* of a § 1404(a) transfer analysis . . . and *may be determinative* in a particular case, *even if the convenience of the parties and witnesses might call for a different result.*"  *Coffey*, 796 F.2d at 220 (emphasis added) (citations omitted).  It is well-established under *Coffey* (and reaffirmed in *Research Automation*) that the Seventh Circuit standard is *not* that the Court must find that the transferee forum is clearly more convenient even if the interest of justice favors transfer.  *Id.*; *Rsch. Automation, Inc.*, 626 F.3d at 977–78.  Courts outside the Seventh Circuit hold likewise, because "[t]he question of which forum will better serve the interest of justice is of predominant importance on the question of transfer, and factors involving convenience of parties and witnesses are in fact subordinate."  *Wireless Consumers All., Inc. v. T-Mobile USA, Inc.*, No. 3-cv-3711, 2003 WL 22387598, at *4 (N.D. Cal. Oct. 14, 2003).

In any case, Newsmax is incorrect that Florida is "not clearly more convenient" than Wisconsin.  *First*, Newsmax argues that the Court should not consider the geographic location of documents because of electronic document discovery.  Even with electronic discovery, however, there could be proprietary data located in Florida that would need to be reviewed there under

confidentiality protocols, along with other forms of evidence. *Second*, Newsmax argues that the convenience of Florida is irrelevant because its Florida-based witnesses will appear voluntarily in Madison. Newsmax, however, seeks the "costs of this action" as well as attorneys' fees from Fox. Dkt. 1 at 38; *see* 15 U.S.C. §§ 15, 26 (providing that successful private litigants can recover fees and costs). In other words, Newsmax now asks the Court to overlook the convenience of Florida, but in the unlikely event that Newsmax prevails in this case, wants Fox to foot the bill for Newsmax's witnesses to travel to Madison. *Finally*, Newsmax asserts that Madison is a more central location than Miami for witnesses located across the country, but Newsmax falsely assumes that Miami and Madison have the same type of airport and flights. The Miami International Airport is one of the busiest airports in the world, offering approximately 1,000 daily flights to 150 destinations, whereas Madison is served by Dane County Regional Airport, which offers 44 daily flights to 20 destinations.[4] Miami also offers more direct flights and at less expensive prices. For example, there are approximately 180 flights from New York to Miami per week at an approximate cost of $150 per flight, but only 13 to 19 direct flights per week from New York to Madison, with an approximate cost of $540 per flight.[5] And, in the winter months, there undoubtedly will be fewer weather-related delays in Miami than Madison. Newsmax's claim that "to the extent Fox's witnesses are located in New York, Madison is more accessible than Miami"

---

[4] *See* Directflights.com, *Direct flights from Miami (MIA)*, https://www.directflights.com/MIA/; Directflights.com, *Direct flights from Madison*, https://www.directflights.com/MSN/; *see also* Miami International Airport, *Airport Statistics*, https://www.miami-airport.com/airport_stats.asp/ (reporting "Miami International Airport is among the busiest airports in the world").

[5] Flightsfrom.com, *Direct (non-stop) flights from New York to Miami*, https://www.flightsfrom.com/JFK-MIA/; Flightsfrom.com, *Direct (non-stop) flights from New York to Miami*, https://www.flightsfrom.com/LGA-MIA/; Flightsfrom.com, *Direct (non-stop) flights from New York to Madison*, https://www.flightsfrom.com/LGA-MSN/.

is demonstrably false. Dkt. 23 at 16. If the Court were to consider convenience, then Florida is the more convenient forum.[6]

Newsmax is also wrong that its choice to refile in the Western District of Wisconsin is owed extra deference because it brings antitrust claims. *See* Dkt. 23 at 12–13. Although the Clayton Act may have expanded venue for antitrust claims against corporations, it did not grant Clayton Act plaintiffs any more deference in their choice of forum than other plaintiffs. *See, e.g., Dale v. Deutsche Telekom AG*, No. 22-cv-3189, 2022 WL 6123365, at *2 (N.D. Ill. Oct. 7, 2022) ("[T]he Court has not located a case from this district echoing the notion that an antitrust plaintiff's choice of forum is entitled to special deference in a § 1404(a) analysis."); *In re Extended Stay Hotel Antitrust Litig.*, No. 24-cv-6324, 2024 WL 5089159, at *8 (N.D. Ill. Dec. 12, 2024) (transferring antitrust suit to the Northern District of California under Section 1404). To the contrary, Newsmax's own authority states that broad venue provisions such as that of the Clayton Act indicate that *Fox* should receive special deference under Section 1404. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1036–37 (7th Cir. 2000) (Section 1404 "protect[s] defendants' interests" from broad venue provisions).

As Fox demonstrated in its motion, and Newsmax ignored in its opposition, when a plaintiff sues in a district with no special connection to the claims, parties, or subject-matter of the suit, its choice of forum is not entitled to deference. *See* Dkt. 10 at 11–12; *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 709–10 (7th Cir. 2016);[7] *Esposito v. Airbnb Action LLC*, 538 F. Supp. 3d 844, 848

---

[6] In prior litigation, Newsmax acknowledged its relevant documents and witnesses are likely to be in Florida. *See* Memorandum of Law in Support of Defendant's Motion to Dismiss for Lack of Jurisdiction and/or Improper Venue or in the Alternative to Stay and Compel Arbitration, *Johns v. Newsmax Media, Inc.*, No. 1:11-cv-2258 (D.D.C. Feb. 21, 2012) (seeking transfer to the Southern District of Florida because a non-Florida court was an "inappropriate and inconvenient forum").

[7] Newsmax's attempt to distinguish *Boyer* misses the point. *See* Dkt. 23 at 12. In *Boyer*, the court's inference of forum shopping turned on the plaintiffs' inability to articulate any legitimate

(N.D. Ill. 2020) ("[W]here the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value.") (quotation omitted); *Vu v. Ortho-McNeil Pharm, Inc.*, 602 F. Supp. 2d 1151, 1156 (C.D. Cal. 2009) ("Where a plaintiff does not reside in the forum, the Court may afford plaintiff's choice considerably less weight."); *Dunn v. Soo Line R.R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994) ("[W]here the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value.") (quotation omitted); *Carter v. Baldwin*, No. 17-cv-3690, 2017 WL 3310976, at *2 (N.D. Ill. Aug. 3, 2017) ("[A] plaintiff's choice of forum merits less deference where the events giving rise to the suit did not occur there.").

Courts also do not defer to a plaintiff's choice of forum when the plaintiff's conduct gives rise to an inference of forum or judge shopping. *Gabet*, 2022 WL 4078442, at *4 (plaintiff's choice of forum "is afforded little deference where forum shopping is apparent"); *Polaroid Corp. v. Casselman*, 213 F. Supp. 379, 383 (S.D.N.Y. 1962) (plaintiff's choice of forum "is entitled to no weight whatever where it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the subject matter"); *Vital Pharms., Inc. v. Monster Energy Co.*, No. 20-cv-1127, 2020 WL 6162796, at *3 (C.D. Cal. Aug. 27, 2020) ("[P]laintiff's forum shopping"—filing suit "in a forum thousands of miles away from its home district"—"entitles its choice of forum to no deference and weighs in favor of transferring this matter.").

For the foregoing reasons, all of the Section 1404(a) factors favor transferring the case back to Florida.

---

reason for choosing to re-file in Arkansas "apart from the deference purportedly owed to their choice of venue," not the legality of the venue itself. *Boyer*, 824 F.3d at 710.

### III.    The Court Should Reject Newsmax's Argument that Rule 41(a)(1) Gives Newsmax an "Absolute Right" To Judge and Forum Shop.

Newsmax seeks an "[a]bsolute [r]ight" to judge and forum shop under the guise of Rule 41(a)(1), Dkt. 23 at 5, but it is black letter law that Rule 41(a)(1) gives Newsmax no such right, privilege, or license.  There is no hiding what Newsmax seeks because Newsmax writes: "Put more bluntly, 'Rule 41(a)(1) essentially permits forum shopping.'"  Dkt. 23 at 6 (quoting *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 293 (5th Cir. 2016)).  Newsmax's position is based on its wild misconstruction of the scope of Rule 41(a)(1), a rule that permits a plaintiff to voluntarily dismiss its complaint without a court order under certain circumstances.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).  Nothing within the rule's text or cases interpreting the rule permits a plaintiff to use Rule 41(a)(1) as a means to judge or forum shop.  *Id.*  In other words, as explained below, Rule 41(a)(1) does not allow a plaintiff to dismiss a case voluntarily *in order to avoid a particular judge and then refile that case in an attempt to obtain a more favorable judge or forum*. *See* Dkt. 10 at 9–10.

Newsmax tries to argue that there is a "boundary between permissible use of Rule 41 and impermissible judge and forum shopping," Dkt. No. 23 at 17, but Rule 41 does not give plaintiffs license to venture into judge or forum shopping territory.  *See Barragan v. Clarity Servs., Inc.*, No. 2:20-cv-876, 2021 WL 1226537, at *7 (D. Nev. Mar. 31, 2021) ("Rule 41(a)(1)(A) generously allows a plaintiff to voluntarily dismiss an action without the court's approval for any reason— except to abuse the judicial process"—and "'judge-shopping clearly constitutes conduct which abuses that judicial process.'" (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)) (footnote and brackets omitted).  Judge and forum shopping are not tolerated.  As succinctly described in Rule 41 of the Civil Rules of the Eastern District of Wisconsin, "[n]o party or attorney may dismiss and refile an

action for the purpose of obtaining a different judge." E.D. Wis. Civ. R. 41(e); *see also Untershine v. Encore Receivable Mgmt., Inc.*, No. 18-cv-1484, 2019 WL 3766564, at *5 (E.D. Wis. Aug. 9, 2019) ("The court does not tolerate judge shopping, which is expressly prohibited under the [Eastern District's] local rules.").

This principle against dismissing a case to refile for the purpose of obtaining a different judge is universal, as is evident from the litany of decisions explaining that a "plaintiff cannot voluntarily dismiss a defendant without prejudice in order to bring the action in another forum in order to avoid having the claim heard by the same judge who originally made a decision adverse to plaintiff." *Banga v. First USA, NA*, No. 9-cv-2268, 2010 WL 727749, at *2 (E.D. Cal. Mar. 2, 2010); *see also Emerson*, 2014 WL 6985183, at *3–4 (granting defendant's motion to transfer based on judge shopping after plaintiffs voluntarily dismissed their case under Rule 41(a)(1) in one district after a judge was assigned, only to refile it immediately in a different district, because the court "[could] not conceive of another reason" for plaintiffs' actions except they "believ[ed] they would receive a more favorable judicial assignment than the one they had just received");[8] *Garcia v. FCA US, LLC*, No. 2:19-cv-12750, 2020 WL 2711556, at *2–3 (E.D. Mich. May 26, 2020) (granting defendant's motion to transfer case back to the Southern District of Florida after plaintiff voluntarily dismissed a nearly identical case in the Southern District of Florida and refiled in the Eastern District of Michigan following an adverse Eleventh Circuit decision); *Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69, 73 (D.P.R. 2004) (holding plaintiffs had

---

[8] Newsmax tries to distinguish *Emerson* by arguing that "the court was not asked to (and did not) consider the purpose or effect of a Rule 41(a)(1) dismissal," Dkt. 23 at 11 n.5, but the record is clear that the *Emerson* court was "troubled by the appearance of judge-shopping" from the plaintiff's Rule 41(a)(1) dismissal in one district and subsequent refiling in another. *Emerson*, 2014 WL 6985183, at *1; *see also Emerson v. Toyota Motor N. Am., Inc*, No. 2:14-cv-4543 (C.D. Cal. Jun. 13, 2014), Dkt. 10 (dismissing action without prejudice under Rule 41(a)).

"engaged in judge-shopping" by voluntarily dismissing their case under Rule 41(a)(1)(A)(i) and refiling a materially identical case the next day).

Newsmax has no effective response to the abundant caselaw holding that Rule 41(a)(1) dismissals cannot be used to judge and forum shop. Newsmax tries to distinguish cases based on its assertions that Judge Cannon did not issue an adverse ruling (but she did, *see supra* at 4–5), that Newsmax's actions are not quite as bad as the judge and forum shopping in those other cases (but no amount of judge and forum shopping is tolerated), and that Fox has not alleged that Newsmax would obtain a "substantive legal advantage" (but Fox need not allege a "substantive legal advantage," whatever that means).[9]  *See* Dkt. 23 at 10–12.

The only authority Newsmax offers for its claimed "[a]bsolute [r]ight" under Rule 41(a)(1) to judge and forum shop consists of cherry-picked, out-of-context quotations from inapposite cases. Newsmax deceptively plucked the "absolute" language from a Seventh Circuit decision that was not about judge or forum shopping. Dkt. 23 at 1 (citing *Marques v. Fed. Rsrv. Bank of Chi.*, 286 F.3d 1014, 1017 (7th Cir. 2002)). The issue in that case was whether a district court's ruling on a summary judgment was void after plaintiffs filed a voluntary dismissal under Rule 41(a)(1) on the same day that defendants filed a motion for summary judgment, and the Seventh Circuit determined that the district court's decision was void based on Rule 41(a)(1) because "one doesn't

---

[9] Newsmax relies on *one* case, *Boeing*, for its assertion that "[c]ourts within this Circuit have rejected accusations of forum shopping where no substantive legal advantage was gained." Dkt. 23 at 10 (citing *Boeing*, 2025 WL 1207313, at *4, *5 n.4). Not only is *Boeing* not controlling, but the *Boeing* court did not agree, as Newsmax implies, that "a forum-shopping motive was 'not so obvious'" *solely* because the plaintiffs did not gain a substantive legal advantage. Dkt. 23 at 10. The court also considered that the plaintiff proffered legitimate reasons for requesting transfer from Illinois to Virginia, including that Boeing's global headquarters were in the Eastern District of Virginia and transfer to Virginia would permit coordinated discovery with other pending cases. *Boeing*, 2025 WL 1207313, at *4. Newsmax offers *absolutely* no reason *whatsoever* for dismissing in Florida and filing in this District, and, under the circumstances presented here, Newsmax's judge and forum shopping motivation is obvious.

need a good reason, or even a sane or any reason, to dismiss a suit voluntarily. The right is absolute." *Id.* Importantly, though, the Seventh Circuit recognized that while Rule 41(a)(1) gives plaintiffs an "absolute" right to dismiss a case under certain circumstances, Rule 41(a)(1) is not "absolute" in giving plaintiffs unlimited freedom to refile a case elsewhere, because the Seventh Circuit explained: "Should the plaintiffs attempt to bring a new suit similar to the one they are dismissing, namely a fraudulent and possibly a criminal suit, they will be subject to appropriate sanctions." *Id.* at 1018.[10]

*Severini* also does not support Newsmax's argument that a Rule 41(a)(1) dismissal makes a plaintiff immune from transfer based on forum shopping—because the court in *Severini* found there to be no forum shopping. *See* Dkt. 23 at 1 (citing *Piper Jaffray & Co. v. Severini*, 443 F. Supp. 2d 1016, 1022 (W.D. Wis. 2006)). The issue in *Severini* involved whether the plaintiff waived an objection to removal from Wisconsin state court to Wisconsin federal court based on plaintiff's previous filing in Wisconsin federal court, prior to having dismissed its federal complaint voluntarily under Rule 41(a)(1). *Severini*, 443 F. Supp. 2d at 1020. The court in *Severini* held that the plaintiff did not waive its objection to removal because of its entitlement to dismiss under Rule 41(a)(1), but the court acknowledged that the result might be different if there

---

[10] Newsmax relies on other Seventh Circuit cases that are not about judge or forum shopping. Newsmax repeatedly cites the Seventh Circuit's decision in *Potter* for the unremarkable point that after a Rule 41(a)(1) dismissal without prejudice, a plaintiff may bring another lawsuit. *See, e.g.*, Dkt. 23 at 2 (citing *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008)). Fox is not arguing that Newsmax cannot bring a fresh lawsuit; Fox is arguing that Newsmax cannot engage in judge and forum shopping, and *Potter* does not address judge or forum shopping. *Winterland* likewise does not address judge or forum shopping but rather is about the mechanics of voluntary dismissal after a preliminary injunction hearing. *See Winterland Concessions Co. v Smith*, 706 F.2d 793, 795–96 (7th Cir. 1983); *see also* Dkt. 23 at 6 (citing *Winterland*, 706 F.2d at 795). *Winterland* is irrelevant to the issues presented here.

was any indication the plaintiff was forum shopping. *Id.* at 1022 (concluding the "plaintiff did not engage in blatant forum shopping").[11] Here, there is blatant and undeniable forum shopping.

Newsmax also misinterprets, and selectively quotes from, the Fifth Circuit's decision in *Bechuck*, 814 F.3d at 293. Newsmax relies on *Bechuck* for Newsmax's bold statement that "Rule 41(a)(1) essentially permits forum shopping," (Dkt. 23 at 6) but omits that, in that very case, the Fifth Circuit cautioned that a litigant's right to voluntary dismissal "does not mean that there can be no mechanisms to prevent forum-shopping." *Id.* The *Bechuck* decision also arose from a very different procedural posture than this case. There, the issue was whether a court that receives a notice of voluntary dismissal under Rule 41(a)(1) could restrict the plaintiff proactively to filing a future case in the same district before the same judge. *Id.* at 289. The Fifth Circuit determined that the district court could not do so, in part because the plaintiff "has not yet engaged in any forum-shopping, so there is no history of abuse that renders such a condition appropriate." *Id.* at 292. Unlike Newsmax, the plaintiff in *Bechuck* had not yet attempted to refile its case anywhere. Also, unlike *Bechuck*, Newsmax is attempting to engage in judge and forum shopping, and Fox appropriately moved under Section 1404(a) to transfer back to Florida. The court in *Bechuck* was not faced with a Section 1404(a) motion to transfer based on the interests of justice to prevent

---

[11] Similar to *Severini*, Newsmax's reliance on *CFE Group* is misplaced because that case was not about forum shopping but rather about whether res judicata barred a state court from adjudicating a case originally filed in federal court and dismissed under Rule 41(a)(1). *CFE Grp., LLC v. FirstMerit Bank, N.A.*, 809 F.3d 346, 349 (7th Cir. 2016). Newsmax also should not rely on—and should not have altered misleadingly the quote from—*Wilson v. City of San Jose*, 111 F.3d 688, 694 (9th Cir. 1997). *See* Dkt. 23 at 6. *Wilson* also was about a very particular set of facts related to filing a voluntarily dismissal notice in connection with litigation involving transfer, removal, and remand between California state and federal courts. *Wilson*, 111 F.3d at 694. The full quote that Newsmax altered is: "The voluntary dismissal of an action ***that has been removed to federal court*** does not constitute the sort of egregious forum shopping that federal courts have traditionally sought to discourage." *Id.* (emphasis added to show the portion of the quote that Newsmax altered at Dkt. 23 at 6).

judge and forum shopping. There is nothing in the law—and Newsmax cites nothing—that sanctions Newsmax's novel position that Rule 41 confers an absolute right to the plaintiff's forum of choice or otherwise supplants the normal Section 1404 transfer analysis.

In light of the ample authority that judge and forum shopping are not tolerated in any context, the Court should reject Newsmax's argument that Rule 41(a)(1) gives Newsmax a *carte blanche* to judge and forum shop.

## CONCLUSION

For all the above reasons, Fox respectfully requests that this Court transfer this action back to the United States District Court for the Southern District of Florida, to be designated as related to Civil Action No. 9:25-cv-81091, pursuant to 28 U.S.C. § 1404(a).

Dated: October 23, 2025

Respectfully submitted,

/s/ *Ryan J. Walsh*
Ryan J. Walsh

Bradley J. Bondi
Michael F. Murray
Benjamin W. Snyder
Ronald K. Anguas

**PAUL HASTINGS LLP**
2050 M Street NW
Washington, DC 20036
Telephone: 202.551.1700
bradbondi@paulhastings.com
michaelmurray@paulhastings.com
bensnyder@paulhastings.com
ronaldanguas@paulhastings.com

**EIMER STAHL LLP**
10 East Doty Street
Suite 621
Madison, WI 53703
Telephone: 608.620.8346
rwalsh@eimerstahl.com

*Attorneys for Defendants*