IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NEWSMAX BROADCASTING, LLC<br><br>                      *Plaintiff,*<br><br>    v.<br><br>FOX CORPORATION and<br>FOX NEWS NETWORK, LLC<br><br>                     *Defendants.* | Case No. 3:25-cv-00770-WMC<br><br>Hon. William M. Conley<br><br>Magistrate Judge Anita M. Boor |

**JOINT RULE 26(F) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Standing Order for Preliminary Pretrial Conferences, counsel for Plaintiff Newsmax Broadcasting, LLC ("Plaintiff" or "Newsmax") and counsel for Defendants Fox Corporation and Fox News Network, LLC ("Defendants" or "Fox") met and conferred on December 22, 2025, regarding the discovery plan and case schedule. The parties now submit this joint report pursuant to Federal Rule of Civil Procedure 26(f).

In the instances where the parties have different proposals on an issue, they have distinguished them by indicating their respective proposals in text below.

**I.  Information Required by this Court's Standing Order**

    **A.  Nature of Case**

        **1.  Plaintiff's Statement of the Case:**

Plaintiff Newsmax brought this case against Fox for violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2; and the Wisconsin Antitrust Act, Wis. Stat. §§ 133.03 (1)-(2). Newsmax alleges that Fox employs at least three anticompetitive means to exclude competing

1

providers of right-leaning pay TV news content from the market. *First*, Fox imposes "no carry" contractual provisions on distributors, conditioning access to its content on distributors' agreement not to carry other right-leaning news channels like Newsmax and others. *Second*, Newsmax alleges that Fox imposes financial penalties on distributors if they carry Newsmax or others by requiring the distributors to carry and pay high fees for Fox's little-watched channels like Fox Business. *Third*, Fox inserts a suite of other contractual barriers into its carriage agreements intended to prevent Newsmax and others from competing with Fox. Newsmax alleges that these tactics constitute unlawful restraints of trade and flow directly from Fox's unlawful monopolization of the right-leaning pay TV news market.

   **2.   Defendants' Statement of the Case:**

Newsmax alleges four antitrust claims against Fox under federal and state antitrust laws, and none has merit. As detailed in Fox's pending motion to dismiss, among other things, Plaintiff has failed to allege any cognizable injury to competition, or even plausibly allege the existence of a sufficient relevant market within which such harm to competition could be measured. Instead, Plaintiff has used the antitrust laws to complain about its own channel's low viewership numbers by making conclusory assertions about the existence of not only a narrow market defined as the "distribution of right-leaning pay TV news," but also provisions in Defendants' contracts with distributors that supposedly ban them from carrying Newsmax and add costs if they choose to carry Newsmax in their "basic tier" of channels. Newsmax's complaint against Fox should be dismissed as a matter of law.

 **B.   Related Cases**

  **1.   Plaintiff's Position:**

There are no other related cases pending.

  **2.   Defendants' Position:**

While Fox agrees that there are no other related cases pending, this case relates to the materially identical case that Newsmax filed and then voluntarily dismissed in the United States District Court for the Southern District of Florida. Fox has moved to transfer this case to that District, where Plaintiff is headquartered, where key witnesses and documents reside, and where Plaintiff originally filed suit and litigated until an adverse ruling. Specifically, on September 3, 2025, Plaintiff, a Florida company, filed a materially identical complaint against Defendants in the United States District Court for the Southern District of Florida. *See Newsmax Broad., LLC v. Fox Corp.*, No. 9:25-cv-81091 (S.D. Fla.). The next day, the Florida district court judge assigned to the case *sua sponte* dismissed Plaintiff's complaint without prejudice as "an impermissible 'shotgun pleading'" because Plaintiff's "second, third, fourth, and fifth counts in the Complaint [] incorporate all preceding allegations." *Newsmax Broad.*, 2025 WL 2553698 at *1 (S.D. Fla. Sept. 5, 2025). Then on September 11, 2025, Plaintiff filed a notice of voluntary dismissal in Florida and, within hours, filed the instant complaint in this Court.  On September 22, 2025, Fox moved to transfer this complaint back to the Southern District of Florida.  *See* Case No. 3:25-cv-00770-wmc, Dkt. No. 9. That motion was fully briefed as of October 23, 2025. Dkt. No. 26.

**C.    Material Factual and Legal Issues to be Resolved at Trial**

The parties anticipate that the following material issues of fact and law may need to be resolved in the course of this case or at trial:

**1.    Plaintiff's Statement of Material Issues:**

- Whether the relevant product market is the market for right-leaning pay TV news, and whether the relevant geographic market is the United States;

- whether Fox's carriage agreements contain provisions that restrict distributors from carrying other right-leaning news channels;

3

- whether Fox's carriage agreements impose financial penalties on distributors for carrying other right-leaning news channels or including them on a basic tier;
- whether Fox's carriage agreements otherwise stifle competition in the market for right-leaning pay TV news;
- whether Fox refused to license Fox News unless distributors also accepted Fox's low-demand, high-cost channels;
- whether Fox has monopoly power in the market for right-leaning pay TV news, and whether it maintained that monopoly power through exclusionary conduct;
- whether Fox's conduct had anticompetitive effects;
- whether and to what extent Newsmax suffered antitrust injury; and
- whether and to what extent Newsmax is entitled to damages and/or injunctive relief.

    **2.**      **Defendants' Statement of Material Issues:**

- Whether the distribution of right-leaning pay TV news is a relevant market, and if so, to what extent Fox has willfully maintained monopoly power in it;
- whether and to what extent Newsmax has suffered a financial or economic harm directly attributable to conduct by Fox that constitutes an injury to competition;
- whether Fox has "exclusive carriage" provisions in carriage agreements that condition a distributor's ability to carry Fox News on the distributor's agreement not to carry any right-leaning news channel that directly competes with Fox News, and to what extent any such provisions resulted in the substantial foreclosure of competition and injury to competition;
- whether Fox has "drag down" provisions in carriage agreements requiring that if a distributor carries Newsmax in its most widely distributed package of channels, then

it must include Fox channels like Fox Business and Fox Sports 2 in that same package, and to what extent any such provisions resulted in the substantial foreclosure of competition and injury to competition;

- whether cable and internet TV distributors are technically capable of carrying both Fox News and Newsmax.

### D. Amendments to the Pleadings

The parties are not currently aware of any amendments to the pleadings that they intend to make.

### E. New Parties

The parties are not currently aware of any additional necessary parties to this action.

### F. Estimated Trial Length

The parties estimate that the trial can be completed in two weeks or 10 trial days.

## II. Proposed Case Schedule

The parties' proposals regarding the case schedule are summarized below:

| Event | Newsmax's Proposal | Fox's Proposal |
|---|---|---|
| Rule 26(a)(1) Initial Disclosures | February 13, 2026 ||
| Amendments to Pleadings and/or add Parties Without Leave | March 2, 2026 | January 12, 2026 |
| Close of Fact Discovery | N/A | September 25, 2026 |
| Disclosure of Expert Reports: Proponent[1] | October 16, 2026 ||
| Disclosure of Expert Reports: Respondent | November 13, 2026 ||
| Close of Expert Discovery | N/A | December 11, 2026 |
| Deadline to File Dispositive Motions | December 21, 2026 ||
| Responses to Dispositive Motions | January 29, 2027 | February 12, 2027 |
| Replies to Dispositive Motions | February 12, 2027 | March 5, 2027 |

---

[1] Meaning the party bearing the burden of proof on the subject of the expert testimony.

| Event | Newsmax's Proposal | Fox's Proposal |
|---|---|---|
| Discovery Cut-Off and Settlement Letters | April 2, 2027 | April 2, 2027 (as to settlement letters) |
| Rule 26(a)(3) Disclosures | April 13, 2027 | |
| Daubert Motions, and Motions *in Limine* | April 23, 2027 | |
| Responses to Rule 26(a)(3) Disclosures, Daubert Motions, and Motions *in Limine* | May 14, 2027 | |
| First Final Pretrial Conference | June 1, 2027 | |
| Second Final Pretrial Conference | June 8, 2027 | |
| **Trial** | **June 14, 2027** | |

1. **Plaintiff's Proposal:**

Newsmax proposes the schedule identified above, consistent with this Court's typical scheduling template and local practices. There is no reason for this Court to deviate from its typical scheduling practices. Newsmax objects to any further delay of discovery in this case. Newsmax also objects to Fox's proposal of interim or early discovery cutoff deadlines, and other non-standard deadlines. Newsmax is proposing a trial date in June 2027 in an effort to compromise with Fox on the proposed schedule and notes that there has already been a significant, inherent pause in discovery in this case, which was filed on September 11, 2026.

2. **Defendants' Proposal:**

Fox is filing concurrently herewith a motion to stay the scheduling of discovery until the Court resolves Defendants' pending Motion to Transfer (Dkt. No. 9) and Motion to Dismiss (Dkt. No. 30). Within seven days of the receipt of the Court's decisions on both motions, Defendants will meet and confer with Plaintiff on a reasonable timeline for discovery and case schedule.

If the Court denies Fox's motion to stay discovery, Fox proposes, in the alternative, the above discovery schedule. While Fox recognizes that this Court generally schedules the close of discovery to occur after the filing of dispositive motions, *see* Standing Order For Preliminary Pretrial Conferences With U.S. Magistrate Judge Anita Marie Boor, at 2, Fox respectfully suggests fact discovery close before the start of expert discovery and all discovery to close at least 10 days before the filing of dispositive motions. Fox makes these suggestions to streamline the process and ensure that the parties have ample time to prepare for trial, with discovery set and unmoving, in this complex antitrust matter.

### III. Miscellaneous Matters and Discovery Plan

In accordance with Federal Rule of Civil Procedure 26(f)(3) and the Court's Standing Order, the parties have met and conferred and agree as follows:

#### A. Limitations on Discovery

If Fox's motion to stay discovery is not granted, and this case goes into discovery, the parties agree they should be permitted to conduct discovery to the full extent permissible by the Federal Rules of Civil Procedure.

#### B. Electronically Stored Information

The parties agree that discovery in this case will include ESI. The parties do not anticipate any special issues in this regard and agree to work cooperatively to reach mutually acceptable protocols and standards for the production of ESI.

#### C. Protections and Privileges

The parties anticipate the need for a protective order governing the exchange of confidential information during discovery and intend to negotiate and file a stipulated protective order.

The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed a *per se* waiver or impairment of any claim of privilege or protection.

### D.     Electronic Copies and Service

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the parties consent to service by electronic means and agree to serve all documents by email.  The parties agree that such service shall be complete upon transmission, provided that the sender does not receive any indication that such transmission was unsuccessful.  Service of filings may be made through the Court's ECF system.  For all other documents, service shall be made to those email addresses for counsel set forth on the Court's electronic docket.

Dated: January 6, 2026                                              Respectfully submitted.

*s/ Jennifer L. Gregor*                                                       *s/ Ronald K. Anguas*
Jennifer L. Gregor                                                            Ryan J. Walsh
**GODFREY & KAHN, S.C.**                                        Amy Miller
One East Main Street, Suite 500                                 **EIMER STAHL LLP**
Madison, WI 53703                                                       10 East Doty Street, Suite 621
Phone: 608-257-3911                                                    Madison, WI 53703
jgregor@gklaw.com                                                      Phone: 608-620-8346
                                                                                        rwalsh@eimerstahl.com
Michael J. Guzman (*pro hac vice*)                           amiller@eimerstahl.com
**KELLOGG, HANSEN, TODD,**
**FIGEL & FREDERICK, P.L.L.C.**                              Bradley J. Bondi
Sumner Square                                                             Michael F. Murray
1615 M Street, N.W., Suite 400                                  Benjamin Snyder
Washington, D.C. 20036                                             Ronald K. Anguas
Phone: (202) 326-7910                                                **PAUL HASTINGS LLP**
mguzman@kellogghansen.com                                2050 M Street NW
                                                                                        Washington, DC 20036
*Attorneys for Plaintiff Newsmax*                              Phone: 202-551-1700
*Broadcasting, LLC*                                                       bradbondi@paulhastings.com

michaelmurray@paulhastings.com
bensnyder@paulhastings.com
ronaldanguas@paulhastings.com

Paul T. Cappuccio
Patrick F. Philbin
Cody L. Reaves
**TORRIDON LAW PLLC**
801 17th Street NW, Suite 1100
Washington, DC 20006
Phone: 202-249-6900
pcappuccio@torridonlaw.com
pphilbin@torridonlaw.com
creaves@torridonlaw.com

*Attorneys for Defendants Fox Corporation and Fox News Network, LLC*