IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NEWSMAX BROADCASTING, LLC

                        *Plaintiff,*

    v.                                                                                          Case No. 3:25-cv-770-wmc

FOX CORPORATION and
FOX NEWS NETWORK, LLC

                        *Defendants.*

## **OPPOSITION TO FOX NEWS' MOTION TO STAY DISCOVERY**

Fox News has not demonstrated why this Court should give it special treatment and exempt it from starting discovery. Fox identifies two primary issues in its motion to stay—first, that discovery will involve confidential information, and second, that discovery will cause burden. The Court should reject both out of hand.

Fox overreaches when it suggests that discovery in litigation between competitors is tantamount to Sherman Act violations. The mechanism to protect confidential information is a protective order, not an indefinite stay of all discovery. In fact, Newsmax sent Fox a proposed protective order on December 8, 2025, and the parties have been conferring in the past several days about a stipulated protective order, including Fox's proposal for multi-tier confidentiality designations.

Fox's arguments about burden fall flat, too. As a company with annual revenues of $16 billion, it can participate in discovery now without undue burden. Many thousands of defendants with far fewer resources than Fox have litigated in this Court and have complied with this Court's traditional discovery practices. Fox should not receive preferential treatment.

1

Fox does not allege parallel litigation, complex counterclaims, missing or multitudinous parties, or any other special circumstances. Fox simply asserts that the complaint is "devoid" of merit. Fox is wrong on that point, and Newsmax continues to experience significant harm as this case unfolds. Like most motions to dismiss, Fox's Rule 12(b)(6) motion should be denied; it focuses on factual disputes that are not properly resolved on the pleadings. Thus, there is no prejudice to starting discovery now. This case will be governed largely by the Federal Rules of Civil Procedure and the Sherman Act. And Fox admits that a motion to dismiss alone is not a sufficient reason to stay discovery.

The Court should enter a case schedule, and the parties should move forward with discovery.

## PROCEDURAL BACKGROUND

This case has already been pending for four months, and discovery has not started. Newsmax filed its complaint on September 11, 2025. Dkt. 1. Shortly after the case was filed here, Fox moved to transfer the case to the Southern District of Florida and specifically to Judge Cannon. Dkt. 9; *see* Dkt. 10 at 12. Newsmax opposed the motion to transfer, and that motion was fully briefed as of October 23, 2025. *See* Dkts. 23, 26.

On November 25, 2025, Fox moved to dismiss Newsmax's complaint under Rule 12(b)(6). *See* Dkt. 30. That motion will be fully briefed by February 11, 2026. *See* Dkts. 33, 34.

The preliminary pretrial conference in this case is scheduled for tomorrow, January 13, 2026. Subject to Fox's request to stay all discovery, the parties have jointly agreed that a June 2027 trial date is appropriate for this case. Dkt. 37 (Rule 26(f) Report).

## ARGUMENT

Fox does not meet its burden to show why this case is so exceptional that a stay is needed. *See Clinton v. Jones*, 520 U.S. 681, 708 (1997). A stay is not a "matter of right." *Nken v.*

2

*Holder*, 556 U.S. 418, 427 (2009). There is no blanket rule in the Seventh Circuit to stay discovery in antitrust cases, or any other type of case, where a motion to dismiss is pending. *See E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, No. 11-cv-265, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012); *Castrillon v. St. Vincent Hosp. & Health Care Ctr., Inc.*, No. 11-cv-00430, 2011 WL 4538089, at *1 (S.D. Ind. Sep. 29, 2011). Rather, the Court should balance the competing interests in evaluating a motion to stay under the familiar factors articulated in *Grice Eng'g v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010). Courts have a "virtually unflagging obligation absent exceptional circumstances to exercise jurisdiction when a case is properly before it." *Id.* (internal quotation marks and citation omitted).

This Court only stays cases when "something unique" requires it to do so. Fox points to *Gow v. Board of Regents for the University of Wisconsin System*, No. 25-cv-59-wmc, as an example. In that case, the unique circumstances justifying the stay were that (1) defendant had a strong Eleventh Amendment immunity argument, which was not just a defense, but a jurisdictional bar from suit, and (2) there was already a documented investigation into the underlying conduct that would ameliorate prejudice to the plaintiff. Even then, the Court granted the stay "reluctantly," emphasizing at the hearing: "stays are generally disfavored. But every once in a while, there is a case that presents a closer question because there's something unique about the posture of the case, the scope of the case, and the nature of the case that requires a closer look . . . ." Mot. Hr'g Tr., *Gow*, No. 25-cv-59-wmc (W.D. Wis. Jan. 8, 2026), Dkt. 27 at 3, 16. No similar special circumstances exist here, and this case should proceed to discovery.

**I.      The *Grice* factors weigh against a stay of discovery.**

This Court considers the following factors for a motion to stay: (1) "whether a stay will unduly prejudice or tactically disadvantage the non-moving party;" (2) "whether a stay will reduce the burden of litigation on the parties and on the court;" (3) "whether a stay will simplify

3

the issues in question and streamline the trial;" and (4) "whether the litigation is at an early stage." *Grice*, 691 F. Supp. 2d at 920. These factors favor starting discovery now.

    **A.    Further delay will prejudice Newsmax because Fox would be allowed to continue violating antitrust law and harming Newsmax for an indefinite amount of time.**

This Court has long recognized the importance of Federal Rule of Civil Procedure 1 and moving cases forward swiftly and in the interests of justice. Fox has not demonstrated that "the circumstances of this case are exceptional enough to justify a stay." *Grice*, 691 F. Supp. 2d at 920 (citing *Nken,* 556 U.S. at 433-34 ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.")). Newsmax will be prejudiced in multiple ways if discovery is delayed, and Fox fails to identify countervailing benefits to a complete standstill of this case for an indeterminate period. *Cf. Davis v. Frontiersman, Inc.*, No. 23-cv-108, 2023 WL 4418409, at *2 (N.D. Ind. July 10, 2023).

Newsmax, competitors, and consumers are already experiencing significant and ongoing harm due to Fox's anticompetitive conduct; further delay will make it even worse. This litigation is not merely about remedying past harm. Fox's behavior causes continuing injury to Newsmax in the form of lost business opportunities, stunted growth, and reputational damage. Competition, distributors, and ultimately viewers, continue to suffer ongoing harm as well. The *Grice* factors do not require Newsmax to seek a preliminary injunction. And Newsmax does seek structural relief to remedy and end the ongoing harm to the market. *Cf. Grice*, 691 F. Supp. 2d at 921.

Delaying cases also increases the danger of "prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party." *Clinton*, 520 U.S. at 708. The Court should reject Fox's say-so that loss of evidence is not an issue here; no one knows the status of evidence or witnesses because discovery has not even

4

started, and witnesses are not yet identified. *See* Dkt. 36 at 13. Any delay inherently increases the risk of loss of evidence due to the passage of time, especially for these antitrust violations, which have been ongoing for at least seven years. Compl. ¶¶ 4, 81; *see also Lippert Components Mfg., Inc. v. AL-KO Kober, LLC*, No. 13-cv-697-jvb-can, 2014 WL 8807329, at *3 (N.D. Ind. Jan. 16, 2014) ("delaying discovery always has the potential to make evidence and witnesses less accessible").

None of the cases cited by Fox in its discussion of prejudice support a stay in this case. Fox cannot point to any authority that justifies an indefinite stay simply because Fox does not want to start discovery.

Certain cases in Fox's motion involved short, determinate pauses that caused no prejudice, such as *Malone v. Clark*, No. 04-C-229, 2004 WL 2053284, at *1 (W.D. Wis. Sep. 13, 2004), which involved only a 6-8 week stay on discovery in a *pro se* case filed by an individual relating to alleged First Amendment violations as alleged retaliation from prison officials. Cases involving parallel litigation in other courts or forums are also distinct from this case. *See, e.g.*, *Hintze v. Hintze*, No. 23-cv-685, 2024 WL 1758690 (W.D. Wis. Apr. 24, 2024) (substantially overlapping case in Iowa state court); *Mr. Dee's Inc. v. Inmar, Inc.,* No. 08-cv-457, 2018 WL 11413977, at *2 (E.D. Wis. Jan. 25, 2018) (parallel criminal proceeding). Nor is this case analogous to the large multi-party, multi-district litigation Fox cites (*e.g.*, at 12-13), which are designed to manage a large number of parties and numerous related cases. *See, e.g.*, *In re Graphics Processing Units Antitrust Litig.*, No. 06-cv-07417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007); *Varline v. 3M Co.*, No. 24-cv-859, 2025 WL 1155927, at *1 (W.D. Wis. Apr. 21, 2025) (stay pending MDL transfer motion). In contrast to the MDL cases, this is a two-

party case where discovery burdens can be well managed by the traditional mechanisms under the Federal Rules of Civil Procedure.

The recent case of *Distefano v. Nordic Consulting Partners, Inc.* ("Nordic") is also significantly different. *See* No. 23-cv-0657-wmc (W.D. Wis.). The still-pending Distefano case is a dispute over the ownership of a healthcare software platform called "Wellward." Plaintiffs John Distefano and his company, goDesk, LLC, claim ownership over the Wellward software. Despite several written agreements that indicated that Nordic owns the software, Distefano claimed (and still claims) that there was a separate oral agreement that he would own the software. The Court's summary judgment order noted that the argument "borders on the frivolous." Op. & Order, *Nordic*, No. 23-cv-0657-wmc (W.D. Wis. Nov. 19, 2025), Dkt. 260 at 36. From the start, Nordic (represented by the undersigned at Godfrey & Kahn, S.C.) participated diligently in discovery, despite its strong pending motion to dismiss. *See Nordic*, Dkts. 76 and 93. It was only once the case schedule became structurally unworkable that Nordic sought to stay the case. *See* Nordic's Mot. to Stay and Request for Status Conf., Dkt. 76 at 1 (explaining that "Nordic is well aware that asking for a stay of the entire case is an unusual request in this Court and does not do so lightly."). As an example, Nordic had counterclaims it had not filed while the motion to dismiss was pending that could have affected both parties' case strategy with respect to expert reports. The pending motions also potentially implicated the addition of a new party that had not participated in discovery. Before the Distefano case was stayed, the parties had conducted significant discovery, including document productions, written discovery and six depositions. *See* Mot. for Extension of Time, *Nordic*, Dkt. 93 at 2. Fox should be required to move discovery forward in this case, too.

The Court should reject Fox's suggestion that a stay will not be significant in terms of timing. There is no way to know how long it will take the Court to rule on Fox's pending motions. Notably, Fox does not ask for a temporary stay; it asks for a stay of indefinite time until there has been a ruling on "both" of its pending motions. *See, e.g.*, Dkt. 36 at 14.

As a practical matter, motions to dismiss are infrequently granted by this Court. As such, there are many cases in this district where the Court has taken several months to rule on a motion to dismiss. There is no justification for a several month or indeterminate stay in this case, where the antitrust violations are ongoing and severe. See *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) ("A stay so extensive that it is 'immoderate or indefinite' may be an abuse of discretion."); *Hy Cite Corp. v. Regal Ware, Inc.*, No. 10-cv-168-wmc, 2010 WL 2079866, at *2 (W.D. Wis. May 19, 2010) (denying a motion to stay where the plaintiff would have been forced to wait "around nine months from filing simply to begin [the] case, a wait as long as some cases take to be tried in this court."). If the Court were to pause all discovery for several months, there is no doubt it would be prejudicial to Newsmax.

**B.     Staying discovery will not reduce the burden on the Court or the parties.**

Absent settlement, "this case will have to move forward eventually." *Flack v. Wis. Dep't of Health Servs.*, No. 18-cv-309-wmc, 2019 WL 2151702, at *2 (W.D. Wis. May 17, 2019); *see also DSM Desotech, Inc. v. 3D Sys. Corp.*, No. 08-cv-1531, 2008 WL 4812440, at *3 n.3 (N.D. Ill. Oct. 28, 2008). Staying discovery will have little impact on the parties' or the Court's burden in this case. It would be untenable—and ripe for abuse—to stay discovery every time a defendant moves to dismiss, and that is not the practice in this Court. *Walker v. Bangstad*, No. 3:25-cv-00214 (W.D. Wis. Apr. 11, 2025), Dkt. 12 ("The court typically does not stay discovery pending motions to dismiss, and normally would set a case schedule," even with potentially dispositive motions pending).

7

Fox has not explained with any particularity why the supposed burden of this lawsuit is so exceptional to warrant staying discovery. Fox has not even articulated *what* the burden of discovery would be in anything but general terms. *See* Dkt. 36 at 2 ("a significant economic burden"), at 6 ("considerable expenses"), at 8 ("costs of discovery"), at 9 ("burdens and abuses of antitrust discovery"), and at 10 (speculating that Fox will be "burdened with expensive and intrusive discovery"). The Federal Rules of Civil Procedure supply sufficient guardrails to prevent overbroad discovery in this case.

Fox's suggestion (at 3) that courts in the Seventh Circuit generally stay antitrust cases pending motions to dismiss is misleading. In fact, in MDL antitrust cases larger than this one, district courts in this circuit have concluded that, without more, the potential for "hefty costs [of discovery in an antitrust case] do not justify a full stay of discovery simply because a defendant has moved to dismiss all of a plaintiff's claims." *In re Broiler Chicken Antitrust Litig.,* No. 16-cv-8637, 2017 WL 4417447, at *3 (N.D. Ill. Sep. 28, 2017). Fox's reliance on a pending dispositive motion and a bare-bones argument that discovery will be burdensome does not entitle it to avoid discovery. *See Fair Oaks*, 2012 WL 3138108, at *3. Staying discovery is unwarranted here "merely because of the antitrust claims;" Fox must—and failed—to articulate an actual burden. *New England Carpenters Health & Welfare Fund v. Abbott Lab'ys,* No. 12-cv-1662, 2013 WL 690613, at *3 (N.D. Ill. Feb. 20, 2013).

**C.   Fox only speculates that a stay will simplify or streamline the issues.**

The outcome of Fox's pending motions is far too speculative to warrant staying discovery. For example, even if the Court grants Fox's motion to dismiss, Newsmax could amend its complaint. And Fox has "no assurance" that it will avoid discovery even if this Court grants its motion to transfer. *Hy Cite*, 2010 WL 2079866, at *2.

Fox's suggestion (at 12) that transfer could implicate "another Circuit's case law" does not justify freezing discovery either. The federal Sherman Act and other federal law will apply to the case "regardless of the outcome of the decision," so the "same discovery will be required." *See Matze v. Parler LLC*, No. 24-cv-00826, 2024 U.S. Dist. LEXIS 167835, at *6-7 (D. Nev. Sep. 18, 2024) (denying discovery stay pending motions to transfer and remand). Fox does not identify any key differences in law or procedural rules that would have an effect on discovery. Even if the Court granted the motion to dismiss in part, Newsmax's claims "arise out of the same core facts" and thus require the same core discovery. *See, e.g.*, *Bennett v. Cuomo*, No. 22-cv-7846, 2023 U.S. Dist. LEXIS 20756, at *11 (S.D.N.Y. Feb. 7, 2023) (denying discovery stay when discovery burden was "unlikely to materially change"). The Court should hew to its standard practices, and discovery should begin here, where it is "far from clear" that a pending decision or proceeding would simplify the issues. *Grice*, 691 F. Supp. 2d at 921; *see also Est. of Mouradian v. Jackson Cnty.*, No. 23-cv-167-wmc, 2024 WL 4987036, at *1 (W.D. Wis. Dec. 5, 2024) (denying motion to stay when it was "too speculative" whether summary judgment would "streamline" a case).

        **D.**      **The "early stage" factor, standing alone, does not warrant a stay.**

This Court does not grant discovery stays when the only factor in favor is the early stage of litigation. *Hy Cite Corp.*, 2010 WL 2079866, at *1; *La Crosse Cnty. v. Trinity Indus., Inc.*, 2016 WL 1274623, at *12 (W.D. Wis. Mar. 31, 2016). The fact that no discovery has been taken yet at this early stage in fact increases the risk of loss of evidence. *See Lippert*, 2014 WL 8807329, at *3.

**II.**      **A protective order will adequately address Fox's concerns regarding confidentiality.**

Concerns that "can and should be addressed through protective measures" are hardly a "basis to shut down discovery of relevant material," and are not grounds to stay discovery.

9

*Tierney v. BNSF Ry. Co.*, 2024 WL 3617479, at *3 (W.D. Wis. July 31, 2024). The Court should reject Fox's objection that the potential discovery of "some of its most commercially and competitively sensitive materials" would be improper while motions to dismiss and transfer remain unresolved. Dkt. 36 at 6, 10-11. A protective order will appropriately address this concern. *See* Fed. R. Civ. P. 26(c)(1)(G). Protective orders are a "standard discovery practice and should not be controversial." *Tierney*, 2024 WL 3617479, at *3. Newsmax anticipates that the parties will file a stipulated protective order in the near future. *See Paragon Component Sys., LLC v. Qualtim, Inc.*, No. 25-cv-170-wmc, 2025 WL 1396058, at *1 (W.D. Wis. Apr. 8, 2025).

### III. Fox mischaracterizes the strength of its motion to dismiss and merits of the complaint.

The Court should also reject Fox's self-serving mischaracterization of Newsmax's complaint. The purported deficiencies with Newsmax's complaint that Fox calls "threshold" issues—relevant market and antitrust injury—are disputes that will need to be resolved after discovery. Fox does not identify any true "threshold" issues unique to this case, such as immunity, standing, or parallel litigation, that courts consider when evaluating a motion to stay discovery. *See New England Carpenters*, 2013 WL 690613, at *1. Courts in this district have refused to stay discovery when a proponent baldly asserts that its motion to dismiss "has a high likelihood of success," *e.g., id.*, at *2, and the Court should do so here.

Contrary to Fox's assertions, and as addressed more fulsomely in Newsmax's brief opposing Fox's motion to dismiss, this Court should deny the motion to dismiss. Fox's arguments all raise fact-intensive issues where Fox simply disputes the allegations in the complaint. For example, courts rarely delve into market definition because it presents a "deeply fact-intensive inquiry." *In re Delta Dental Antitrust Litig.*, 484 F. Supp. 3d 627, 641 (N.D. Ill. 2020); *see also ABS Global, Inc. v. Inguran, LLC*, No. 14-cv-503-wmc, 2016 WL 3963246, at

\*12 (W.D. Wis. 2016) (determining an antitrust market's scope requires "a factual inquiry into the commercial realities faced by consumers" (cleaned up)); *Vasquez v. Ind. Univ. Health, Inc.*, 40 F.4th 582, 586 (7th Cir. 2022) (pleading stage "not the time to evaluate the merits of" a market because it would require "expert testimony").

Similarly, this Court should deny the motion to transfer. *See* Dkt. 23 (Newsmax's Opp'n to Mot. to Transfer). But even if this Court grants the motion to transfer, the same discovery will be required in Florida because the complaint that Newsmax filed in the Southern District of Florida principally alleged violations of the federal Sherman Act. In Florida, as in Wisconsin, state antitrust law tracks federal law.

## IV.    Conclusion

The Court should deny Fox's motion to stay discovery for the reasons provided.

Dated: January 12, 2026.                           Respectfully submitted,

*s/ Jennifer L. Gregor*
Jennifer L. Gregor
**GODFREY & KAHN, S.C.**
One East Main Street, Suite 500
Madison, WI 53703
Phone: (608) 257-3911
jgregor@gklaw.com

Michael J. Guzman (*pro hac vice*)
**KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK, P.L.L.C.**
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Phone: (202) 326-7910
mguzman@kellogghansen.com

*Attorneys for Plaintiff Newsmax Broadcasting, LLC*

37693701