**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

<table>
<tr><td>

NEWSMAX BROADCASTING, LLC,

      *Plaintiff,*

v.

FOX CORPORATION AND FOX NEWS
NETWORK, LLC,

      *Defendants*.

</td>
<td>

No. 3:25-cv-770

Hon. William M. Conley

</td></tr>
</table>

**MOTION OF FOX CORPORATION AND FOX NEWS NETWORK, LLC
FOR CLARIFICATION AND, IF WARRANTED, FOR MAGISTRATE
RESOLUTION OF PENDING MOTION TO TRANSFER PURSUANT
TO LOCAL RULE 2(A) AND 28 U.S.C. § 636(B)(1)(A)**

Defendants Fox Corporation and Fox News Network, LLC (collectively, "Fox"), respectfully move for clarification whether their pending motion to transfer venue—fully briefed over five months ago—is pending before the district judge or the magistrate judge. If the motion has not been taken under advisement by District Judge Conley, Fox moves for referral of the motion to Magistrate Judge Boor for "prompt[ ]" hearing and resolution, Fed. R. Civ. P. 72(a), in accordance with Local Rule 2(A)'s standing "designat[ion]" of such motions. Defendants stress that they are entirely indifferent to which judge decides the motion. Their interest is *solely* in prompt resolution of the motion to transfer, which warrants "priority" treatment but remains unresolved as discovery presses ahead. *See* Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3844 ("The court before which a motion to transfer is pending should give the motion some priority.").

Under the Federal Magistrates Act, "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to a specific list of exceptions not relevant here. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (same rule for "pretrial

matter[s] not dispositive of a party's claim or defense"). Local Rule 2(A) implements this statute by categorically assigning this district's magistrate judges to "hear and determine any pretrial matter pending before this court" except those motions listed in 28 U.S.C. § 636(b)(1)(A). This is a standing referral of all non-dispositive pretrial matters to the magistrate judge—case-by-case referral orders are not required. *See Grant v. Xiong*, No. 22-cv-575, 2023 WL 3950108, at *1 (W.D. Wis. June 12, 2023) (referral under rule is "automatic").

Under the statute and rules, a motion to transfer venue under 28 U.S.C. § 1404(a) is designated for decision by a magistrate judge. It is not on 28 U.S.C. § 636(b)(1)(A)'s list of excepted motions, and courts routinely and correctly hold that it is a non-dispositive pretrial matter. *See, e.g.*, *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 808 (9th Cir. 2022); *Minix v. Pazera*, No. 1:04-cv-447, 2005 WL 8169575, at *1 n.1 (N.D. Ind. Jan. 31, 2005). Hence it is a "pretrial matter" that, by operation of this Court's local rules, the magistrate judge in this case is "designated" to decide. Local Rule 2(A).

Here, however, it is unclear whether the motion to transfer venue is pending before the district judge or before the magistrate judge. The local rule is clear, and the docket does not indicate that Judge Conley has vacated the referral of the motion to Magistrate Judge Boor. *See Carlson v. Northrop Grumman Severance Plan*, 67 F.4th 871, 874 (7th Cir. 2023) ("Assignment to a magistrate judge depends on a district judge's consent, and the statute allows the judge to rescind that assignment."). Nevertheless, at the January 13, 2026, hearing on a separate motion, Judge Boor indicated that Judge Conley would be deciding the motion to transfer. *See* Dkt. 43, Tr. at 19:18–25, 32:8–9. Judge Boor did not address whether Judge Conley had taken the motion under advisement. She also indicated that she did not know when "we might hear from [his] chambers." *Id.* at 20:1–9.

2

Fox cares only that its motion to transfer be resolved as soon as practicable. As numerous courts have held, "disposing of [such a] motion should unquestionably take top priority." *In re Apple Inc.*, 979 F.3d 1332, 1337–38 (Fed. Cir. 2020) (collecting cases); *see also In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 310 (5th Cir. 2024) ("Venue also requires prompt resolution."); *In re TikTok, Inc.*, 85 F.4th 352, 362–63 (5th Cir. 2023) ("top priority"); *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) ("top priority"); *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (purpose of Section 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense'" (citation omitted)). After all, "[t]o undertake a consideration of the merits of the action is to assume, even temporarily, that there will be no transfer before the transfer issue is decided," and "[j]udicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected." *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970) (per curiam); *cf. Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) (motion to transfer must be decided based on "the situation [that] existed when the suit was instituted" (citation omitted)); *In re TikTok, Inc.*, 85 F.4th at 364 (cautioning that delay in resolution of motion to transfer while case otherwise proceeds cannot weigh against the movant on transfer issue).

There are particularly good reasons here to resolve the motion to transfer venue promptly. The question has been fully briefed since October 23, 2025 (Dkt. 26), and, in the meantime, the Court has set a full case schedule through trial in June 2027 (Dkt. 42), the parties have agreed to, and the court has entered, a protective order and ESI protocol (Dkts. 45, 46, 47, 48), and burdensome and extensive discovery—conducted under this Court's rules and not the would-be transferee court's—is well under way.

What is more, Judge Boor has been actively and efficiently managing this case. She has ruled on multiple pretrial matters, held the preliminary pretrial conference, and set the schedule. *See* Dkts. 15, 25, 34, 38, 43, 47, 48. The district judge, meanwhile, has numerous other matters pending before him, in addition to other responsibilities that attend his office.

For these reasons, Fox respectfully requests clarification of the status of its pending motion to transfer venue and, if it has not been taken under advisement by Judge Conley, for referral of the motion to Judge Boor for prompt disposition. If a status conference on this matter would be helpful to the Court, Fox will make itself available at the Court's convenience.

Dated: April 6, 2026

Respectfully submitted,

*/s/ Ryan J. Walsh*

Bradley J. Bondi
Michael F. Murray
Benjamin Snyder
Ronald K. Anguas
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, DC 20036
Telephone: 202.551.1700
bradbondi@paulhastings.com
michaelmurray@paulhastings.com
bensnyder@paulhastings.com
ronaldanguas@paulhastings.com

Ryan J. Walsh
Amy Miller
**EIMER STAHL LLP**
2 East Mifflin Street
Suite 703
Madison, WI 53703
Telephone: 608.620.8346
rwalsh@eimerstahl.com
amiller@eimerstahl.com

Paul T. Cappuccio
Patrick F. Philbin
Cody L. Reaves
**TORRIDON LAW PLLC**
801 17th Street NW, Suite 1100
Washington, DC 20006
Telephone: 202.249.6900
pcappuccio@torridonlaw.com
pphilbin@torridonlaw.com
creaves@torridonlaw.com

***Attorneys for Defendants***

5